STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH MONTELEONE, DOROTHY MILLER AND MARGARET VAN SCIVER, DEFENDANTS-APPELLANTS.

Argued September 26, 1961—Decided November 6, 1961.

94

*Mr. Grover C. Richman, Jr.,* argued the cause for defendants-appellants (*Messrs. Richman & Berry,* attorneys).

*Mr. Robert S. Miller,* Deputy Attorney General, argued the cause for plaintiff-respondent (*Mr. David D. Furman,* Attorney General, attorney).

The opinion of the court was delivered by

HANEMAN, J. The provisions of *N. J. S.* 2A:171-5.8, the so-called Sunday Closing Law, became operative in Gloucester County as a result of a referendum held pursuant to *N. J. S.* 2A:171-5.12 *et seq.* Defendants, employees of various concessionaires of "Bargain City U. S. A.," a general retail outlet, were convicted and fined in the Municipal Court of the Township of Deptford, Gloucester County, for violation of the statute first cited. Upon appeal to the Gloucester County Court, said convictions were affirmed. Defendants appealed to the Appellate Division. This court certified the appeal on its own motion, before the Appellate Division acted thereon.

It is admitted by defendant Joseph Monteleone that on Sunday, March 20, 1960 he sold two pairs of stockings; by defendant Margaret Van Sciver that on Sunday, May 22, 1960 she sold one pair of men's shoes; and by defendant Dorothy Miller that on May 22, 1960 she sold one pair of

men's slacks and one pull-over sweater. Each of said sales occurred in the shopping center of Bargain City U. S. A., which is located in the Township of Deptford, Gloucester County.

The Sunday Closing Law, so far as presently pertinent, reads:

"2A:171-5.8

On the first day of the week, commonly known and designated as Sunday, it shall be unlawful for any person whether it be at retail, wholesale or by auction, to sell, attempt to sell or offer to sell or to engage in the business of selling, as hereinafter defined, clothing or wearing apparel, building and lumber supply materials, furniture, home or business or office furnishings, household, business or office appliances, except as works of necessity and charity or as isolated transactions' not in the usual course of the business of the participants.

Any person who violates any provision of this act is a disorderly person and upon conviction for the first offense, shall pay a fine of $25.00; and for the second offense, shall pay a fine of not less than $25.00 or more than $100.00 to be fixed by the court; and for the third offense, shall pay a fine of not less than $100.00 or more than $200.00 to be fixed by the court or, in the discretion of the court, may be imprisoned for a period of not more than 30 days, or both; and for the fourth or each subsequent offense, shall pay a fine of not less than $200.00 or more than $500.00 to be fixed by the court or, in the discretion of the court, may be imprisoned for a period of not less than 30 days or more than 6 months, or both. A single sale of an article or articles of merchandise of the character hereinabove set forth to any 1 customer, or a single offer to sell an article or articles of such merchandise to any 1 prospective customer, shall be deemed to be and constitute a separate and distinct violation of this act.

2A:171-5.9 *Additional penalties; nuisance.*

In addition to the penalties hereinabove provided in case of conviction under section 1 of this act, upon any 4 convictions for violations of this act, the premises in or upon which the violation occurred shall be deemed a nuisance.

2A:171-5.10.

The following definitions are not to be deemed as all inclusive and shall apply for the words or terms used in this act unless other meaning is clearly apparent from the language or context:

* * * * * * * *

'Clothing and wearing apparel' includes any article or articles to be worn on the person by man, woman, or child as bodily covering

or protection, including garments of all types, headwear and foot-wear. * * *

2A:171–5.11 *Additional remedy; liability of corporate officers and employees.*

This act shall be construed as an additional remedy to secure proper Sunday observance and the directors, officers, managers, agents or employees of corporations shall be personally liable for the penalties hereinabove provided."

Defendants seek a revaluation of the arguments advanced by plaintiffs in *Two Guys from Harrison, Inc. v. Furman*, 32 *N. J.* 199 (1960), and urge that the conclusion of this court, as there expressed, that *N. J. S.* 2A:171–5.8 is constitutional, should be overruled. They bottom this argument upon the rationale of the dissenting opinion in *Two Guys, supra,* 32 *N. J.* 237.

Defendants argue additionally that *N. J. S.* 2A:171–5.8 is unconstitutional on the following grounds:

1. The statutory classification of goods and merchandise, the sale of which is proscribed, is so illusory, arbitrary, capricious and unrelated to the evil to which the act is directed as to deprive defendants of their liberty and property in violation of the due process and equal protection concepts of the *Constitutions* of the State of New Jersey and the United States.

2. The statutory classification of the goods and merchandise, the sale of which is proscribed, is so vague and unclear as to deprive defendants of their liberty and property in violation of the *Constitutions* of the State of New Jersey and the United States.

3. The act imposes cruel and inhuman punishments in violation of *Article 1, paragraph* 12 of the *New Jersey Constitution*.

At the trial *de novo* before the Gloucester County Court, defendants introduced two lists of goods in an attempt to show the arbitrary nature of the statutory selection of prohibited sales. One list itemized goods the sale of which was clearly proscribed and the second itemized goods the

sale of which was allegedly permitted on Sunday. As noted in *Two Guys from Harrison, Inc. v. Furman, supra,* the requisite burden of attack is not borne by such proof alone. In answer to a like contention, based upon similar proof advanced in *Two Guys from Harrison, Inc. v. Furman, supra,* this court said (32 *N. J.,* at *pp.* 229, 230):

"\* \* \* We must uphold a classification unless it is plainly demonstrated to be capricious. The required showing is not made merely by contrasting items which may and may not be sold. The relative utility of such items may be wholly unrelated to the degree of Sunday activity which their sale incites and to the relief which a ban upon them will accomplish. Nor would it be fatal if incongruities or problems of construction should develop in fringe areas. The *Constitution* does not demand mathematical perfection. *Boyce Motor Lines v. United States,* 342 *U. S.* 337, 340, 72 *S. Ct.* 329, 96 *L. Ed.* 367, 371 (1952). \* \* \*

Hence the trial court properly denied plaintiffs' motion for summary judgment. The proofs advanced did not overcome the presumption of constitutionality. \* \* \*."

See also *Two Guys from Harrison-Allentown, Inc. v. McGinley,* 366 *U. S.* 582, 81 *S. Ct.* 1135, 6 *L. Ed.* 2d 551 (1961); *McGowan v. State of Maryland,* 366 *U. S.* 420, 81 *S. Ct.* 1101, 6 *L. Ed.* 2d 393 (1961).

Defendants also argue that their "equality of right" has been violated because competitors in adjacent Camden and Salem Counties are not prohibited from making Sunday sales, *N. J. S.* 2A:171–5.8 *et seq.* not having been there adopted by referendum. The answer to this contention is stated in *McGowan v. State of Maryland, supra,* 81 *S. Ct.* 1106:

"\* \* \* But we have held that the Equal Protection Clause relates to equality between persons as such, rather than between areas and that territorial uniformity is not a constitutional prerequisite. \* \* \*"

We see no reason to reconsider the conclusions expressed in *Two Guys from Harrison, Inc. v. Furman, supra,* and we reaffirm the opinion of the majority of this court as therein detailed. This determination is dispositive of de-

fendants' request that we adopt the dissenting opinion in that matter, as well as of the argument that the statutory classification of the goods whose sale is proscribed is "illusory, arbitrary, capricious and unrelated to the evil to which the act is directed."

We therefore find no merit in defendants' first two grounds for assailing the constitutionality of the statute.

 We come to defendants' assertion that *N. J. S.* 2A:171–5.8 *el seq.* is so vague and unclear as to deprive them of their liberty and property in violation of the State and Federal *Constitutions.* It must be recognized that a penal statute must specify the elements of the offense which it proscribes with such a reasonable degree of certainty as to apprise those to whom it is addressed of the standard of conduct proscribed, so that men of common intelligence need not necessarily guess at its meaning or differ as to its application. In judging the sufficiency of the language employed in a penal statute it is necessary to give consideration to the latitude of the field encompassed and the consequent impracticability of rigid legislative criteria. *State v. Joas,* 34 *N. J.* 179, 185 (1961). See also *McGowan v. Maryland, supra,* 81 *S. Ct.* 1106.

 That there may be marginal cases in which it is difficult to determine the side on which a particular fact situation may fall, furnishes insufficient reason to hold the language of a penal statute too vague or uncertain. *State v. New York Central Railroad Co.,* 37 *N. J. Super.* 42 (*App. Div.* 1955). If a statute is reasonably appropriate in its overall approach, it should be upheld notwithstanding that it may be invalid in its application in special circumstances or fringe areas. *Sayreville v. Pennsylvania R. R. Co.,* 26 *N. J.* 197 (1958); *Two Guys from Harrison, Inc. v. Furman, supra.* We conclude that *N. J. S.* 2A:171–5.8 does not violate the State and Federal *Constitutions* for vagueness or lack of clarity.

In any event, of the defendants, only Miller contends that the articles sold by her do not come within the statutory

classification of "clothing and wearing apparel." The remaining two defendants admit that the sales made by them fall within that category. Miller's suggestion that she sold "fringe area" merchandise is too tenuous to warrant comment. We conceive that she vended goods within the statutory definition. Accordingly, the conduct of defendants being in clear violation of the express statutory language, none of them can be heard to attack the constitutionality of the statute on the ground that it might, impliedly, also be taken as having application to other situations not before the court. *United States v. Raines*, 362 *U. S.* 17, 80 *S. Ct.* 519, 4 *L. Ed. 2d* 524 (1960). See also *Mountain Lakes Bd. of Education v. Maas*, 56 *N. J. Super.* 245, 259 (*App. Div.* 1959), aff'd 31 *N. J.* 537 (1960), *cert.* den. 363 *U. S.* 843, 80 *S. Ct.* 1613, 4 *L. Ed. 2d* 1727 (1960); *Sayreville v. Pennsylvania R. R. Co., supra.* While *United States v. Raines, supra,* suggests some exceptions to this rule, none are here applicable.

Defendants also contend that the penalties provided for the violation of the statute "are so incommensurate with the acts committed as to constitute cruel and inhuman punishments" violative of the State and Federal *Constitutions.*

Defendants refer in their argument not only to the penalties particularized in *N. J. S.* 2A:171–5.8 but also to the provision of *N. J. S.* 2A:171–5.9 that "upon any 4 convictions for violations of this act, the premises in or upon which the violation occurred shall be deemed a nuisance."

█ As far as the record discloses, the instant convictions were for first offenses. The defendants, therefore, may not be held to invoke the constitutional protections against cruel and unusual punishment at this time merely by claiming that penalties which might be imposed upon them for subsequent violations, or penalties which might be imposed upon others not here involved could violate constitutional provisions.

We conclude that defendants' other attacks upon the statute are also without merit.

Affirmed.

FRANCIS, J. (concurring). The majority of the court have rejected defendants' suggestion that the view of the constitutionality of *L. 1959, c. 119, N. J. S. 2A:171–5.8 et seq., N. J. S. A.,* taken in *Two Guys from Harrison v. Furman,* 32 *N. J.* 199 (1960), be overruled and the dissenting opinion adopted as controlling in this similar case. Subsequent to the determination of *Two Guys,* the United States Supreme Court decided *McGowan v. Maryland,* 366 *U. S.* 420, 81 *S. Ct.* 1101, 6 *L. Ed. 2d* 393 (1961), and *Two Guys from Harrison-Allentown, Inc. v. McGinley,* 366 *U. S.* 582, 81 *S. Ct.* 1135, 6 *L. Ed. 2d* 551 (1961). There, the court concluded that the Sunday closing laws involved did not violate the equal protection guaranty of the Federal *Constitution.* I consider those decisions dispositive of the position taken by me in the earlier dissent referred to, and accordingly bow to them. For that reason, I join the majority opinion in this case.

SCHETTINO, J. (dissenting). As stated in my dissent in *State v. Fass,* 36 *N. J.* 102 decided today, *section* 1 of *L. 1959, c. 119, N. J. S. 2A:171–5.8,* is violative of the equal protection clause of the Federal *Constitution.*

FRANCIS, J., concurring in result.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and HANEMAN—6.

*For reversal*—Justice SCHETTINO—1.