410

OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

\* \* \* \* \* \*

QUESTIONS PROPOUNDED BY THE
HOUSE OF REPRESENTATIVES
IN AN ORDER DATED MAY 23, 1963
ANSWERED JUNE 5, 1963

---

HOUSE OF REPRESENTATIVES ORDER
PROPOUNDING QUESTIONS

## STATE OF MAINE

---

In House, May 23, 1963

WHEREAS, it appears to the House of Representatives of the One Hundred and First Legislature that the following are important questions of law and that the occasion is a solemn one; and

WHEREAS, there is pending before the House the Bill entitled "AN ACT Relating to Operating Business on Sunday and Certain Holidays" (H. P. 930) (L. D. 1364), as amended by Senate Amendment "A" (S. "A" S-240) ; and

WHEREAS, the Constitutionality of said Bill has been questioned; and

WHEREAS, it is important that the Legislature be informed as to the constitutionality of said Bill; now, therefore, be it

ORDERED, That the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the House, according to the provisions of the Constitution on this behalf, their opinion on the following questions, to wit:

QUESTION 1.   Is a classification based on the size of a store as set forth in Bill "An Act Relating to Operating Business on Sunday and Certain Holidays" Constitutional?

QUESTION 2.   Is a classification based on the number of employees as set forth in Bill "An Act Relating to Operating Business on Sunday and Certain Holidays" Constitutional?

Name:   (Knight)

Town:   Rockland

A true copy of an Order passed by the House of Representatives of the 101st Legislature, May 23, A.D. 1963.

ATTEST   HARVEY R. PEASE
                Clerk of the House

ONE HUNDRED AND FIRST LEGISLATURE

Legislative Document                    No. 1364

H. P. 930     House of Representatives, February 13, 1963

Referred to Committee on Legal Affairs.   Sent up for concurrence and 1,000 copies ordered printed.

HARVEY R. PEASE, Clerk

Presented by Mr. MacGregor of Eastport.

STATE OF MAINE

IN THE YEAR OF OUR LORD
NINETEEN HUNDRED SIXTY-THREE

AN ACT Relating to Operating Business on Sunday and Certain Holidays.

Be it enacted by the People of the State of Maine, as follows:

**Sec. 1.   R. S., c. 134, § 38, repealed and replaced.**   Section 38 of chapter 134, as repealed and replaced by section 1 of chapter 362 of the public laws of 1961 is repealed and the following enacted in place thereof:

'**Sec. 38.   Operating business on the Lord's Day and certain holidays.   No person, firm or corporation shall, on the Lord's Day, Memorial Day, July 4th, November 11th and Thanksgiving Day as proclaimed by the Governor, keep open a place of business to the public except for works of necessity, emergency or charity.**

This section shall not apply to: the operation or maintenance of common, contract and private carriers; taxi cabs; airplanes; newspapers; radio and television stations; hotels,

motels, rooming houses, tourist and trailer camps; restaurants; garages and motor vehicle service stations; retail monument dealers; automatic laundries; drug stores; greenhouses; seasonal stands engaged in sale of farm produce, dairy products, sea food or Christmas trees; public utilities; industries normally kept in continuous operation, including but not limited to pulp and paper plants and textile plants; processing plants handling agricultural produce or products of the sea; ship chandleries; marinas; motion picture theatres; sports and athletic events; musical concerts; religious, educational, scientific or philosophical lectures; scenic, historic, recreational and amusement facilities; provided that this section shall not exempt the businesses or facilities specified in sections 39, 40 and 41 from closing in any municipality until the requirements of those sections have been met; stores wherein no more than 3 persons, including the proprietor, are employed in the usual and regular conduct of the business; stores which, in the usual and regular conduct of the business, have no more than 1,000 square feet of interior floor space.

For the purpose of determining qualification, a "store" shall be deemed to be any operation conducted within one building advertising as, and representing itself to the public to be, one business enterprise regardless of internal departmentalization. All sub-leased departments of any store shall for the purpose of this section be deemed to be operated by the store in which they are located. Contiguous stores owned by the same proprietor or operated by the same management shall be deemed to be a single store for the purpose of this statute.

Any person, firm or corporation found guilty of violating any of the provisions of this section shall be punished by a fine of not more than $100 or by imprisonment for 30 days, or by both, for the first offense; and by a fine of $500 or by imprisonment for 60 days, or by both, for the 2nd offense

occurring within one year following the first conviction. Any offense subsequent to the 2nd offense and occurring within 2 years following the 2nd conviction shall be punished by a fine of not more than $1,000 or by imprisonment for 90 days, or by both. No complaint charging violation of this section shall issue later than 5 days after its alleged commission.

In addition to the penalty imposed by this section, all property and commodities exposed for sale on the Lord's Day or any of the aforementioned holidays in violation of this section may be forfeited. Upon conviction of the offender, the court may issue a warrant for the seizure of the forfeited articles, which when seized, shall be sold on one day's notice and the proceeds paid to the municipality in which the offending store is physically located for the use of the poor of that municipality.

Each separate sale, trade or exchange of property or offer thereof, in violation of this section, and each Lord's Day or one of the aforementioned holidays a person, firm or corporation engages in or employs others to engage in the sale, trade or exchange of property in violation of the law constitutes a separate offense.

In addition to any criminal penalties provided in this section, the Attorney General, county attorney, a mayor or city manager, a city council or the board of selectmen of a town, or any resident of a municipality in which a violation is claimed to have occurred may file a complaint with the Superior Court to enjoin any violation of this section. The Superior Court shall have original jurisdiction of such complaints and authority to enjoin such violations.

This section shall not apply to isolated or occasional sales by persons not engaged in the sale, transfer or exchange of property as a business.'

Sec. 2. R. S., c. 134, § 38-A, repealed. Section 38-A of chapter 134 of the Revised Statutes, as enacted by section 2 of chapter 362 of the public laws of 1961 is repealed.

STATE OF MAINE
SENATE
101ST LEGISLATURE

SENATE AMENDMENT "A" to H. P. 930, L. D. 1364, Bill, "An Act Relating to Operating Business on Sunday and Certain Holidays."

Amend said Bill in the 20th line of section 1 by adding after the underlined word and punctuation "marinas;" the underlined words and punctuation 'establishments primarily selling boats, boating equipment, sporting equipment, souvenirs and novelties;'

Further amend said Bill in the 23rd line of section 1 by adding after the underlined word and punctuation "facilities;" the underlined words and punctuation 'real estate brokers and real estate salesmen;'

Further amend said Bill in section 1 by striking out lines 26 to 30 and inserting in place thereof the following: 'those sections have been met; stores wherein no more than 5 persons, including the proprietor, are employed in the usual and regular conduct of business; stores which have no more than 5,000 feet of interior customer selling space, excluding back room storage, office and processing space.'

Further amend said Bill in section 1 by striking out all of the 5th underlined paragraph of that part designated "Sec. 38.", which reads as follows:

"In addition to the penalty imposed by this section, all property and commodities exposed for sale on the Lord's

Day or any of the aforementioned holidays in violation of this section may be forfeited. Upon conviction of the offender, the court may issue a warrant for the seizure of the forfeited articles, which when seized, shall be sold on one day's notice and the proceeds paid to the municipality in which the offending store is physically located for the use of the poor of that municipality."

Further amend said Bill in the 9th and 10th lines from the end of section 1 by striking out the underlined punctuation and words ", a mayor or city manager, a city council or the board of selectmen of a town."

Proposed by Senator ATHERTON of PENOBSCOT

Reproduced and distributed pursuant to Senate Rule #11A
(Filing No. S-240)

5-17-63

#### ANSWERS OF THE JUSTICES

To the Honorable House of Representatives of the
State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on May 23, 1963.

QUESTION (1): Is a classification based on the size of a store as set forth in Bill "An Act Relating to Operating Business on Sunday and Certain Holidays" Constitutional?

QUESTION (2): Is a classification based on the number of employees as set forth in Bill "An Act Relating to Operating Business on Sunday and Certain Holidays" Constitutional?

ANSWER: We answer both questions in the affirmative. It is apparent that the proposed bill, as amended by Senate Amendment A, is intended to provide an exception for what might be termed "small stores." The merchant would qualify for the exemption if his enterprise satisfied either or both of two clearly defined criteria, one related to the size of the premises and the other related to the number of employees "employed in the usual and regular conduct of business." The standards for reasonable classification have been fully set forth in *State* v. *Karmil Merchandising Corp.*, 158 Me. 450, 186 A. (2nd) 352; *McGowan* v. *State of Maryland* (1961), 366 U. S. 420, 81 S. Ct. 1101; *Gallagher* v. *Crown Kosher Super Mkt.* (1961), 366 U. S. 617, 81 S. Ct. 1122; *Two Guys* v. *McGinley* (1961), 366 U. S. 582, 81 S. Ct. 1135; *Braunfeld* v. *Brown* (1961), 366 U. S. 599, 81 S. Ct. 1144.

Sunday closing laws, so-called, are recognized as being intended to provide one day of rest and recreation in each week for the greatest possible number of our citizens. One purpose thereof is the elimination of concentrations of traffic and the hustle and bustle on Sundays caused by the business operations of large merchandising concerns which tend to create unreasonable interference with the efforts of the vast majority of citizens to find rest and leisure on those days. See *Vornado, Inc.* v. *R. H. Macy* (1963), 78 N. J. Super. 102; 187 A. (2nd) 620. The language employed in Two Guys from *Harrison-Allentown* v. *McGinley (supra)* at page 1140 of 81 S. Ct. seems pertinent. "It was within the power of the legislature to have concluded that these (substantial suburban retail) businesses were particularly disrupting the intended atmosphere of the day because of the great volume of motor traffic attracted, the danger of their competitors also opening on Sunday and their large number of employees."

The Legislature might conclude that these adverse effects would be kept to a minimum if only small stores as defined

were permitted to open and that the public interest would be best served by excepting as a class the proprietors of small stores. The Legislature could properly take into account the economy of the State and the dependency of many small stores and shops on the patronage of vacationers and tourists.

That classes based on number of employees may be created without violation of constitutional limitations is evidenced by statutes which have long stood unchallenged. The Workmen's Compensation Law (R. S., Chap. 31, Sec. 4) is not applicable to employers of fewer than six employees. The Employment Security Law (R. S., Chap. 29, Sec. 3, Subsec. IX A-1 is not applicable to employers of fewer than eight employees. See *Unemployment Com.* v. *Androscoggin,* 137 Me. 154, 163.

In our view the proposed classification for exemption would stand the test of clarity and would not be so illusory, arbitrary or capricious or so unrelated to the purposes to be accomplished as to violate the requirements of due process and equal protection of the law.

In so answering we assume that the words "5000 feet" as used in the third paragraph of Senate Amendment A is intended to refer to "square feet" as used in the third paragraph of Sec. 1 of the bill as originally proposed. Since the phrase in its context may reasonably be so construed, we do not find the language so vague and ambiguous as to violate constitutional requirements. Nevertheless, the Legislature might properly consider the possibility of further amendment to remove even a possible doubt as to its intention.

The foregoing answers must be clearly understood as relating only to the specific inquiries addressed to us. As was stated in the *Opinion of the Justices,* 155 Me. 30, 49: "We

cannot well anticipate all of the questions that could arise under the Act in its present form."

Dated at Portland, Maine, this fifth day of June, 1963.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
WALTER M. TAPLEY, JR.
FRANCIS W. SULLIVAN
CECIL J. SIDDALL
HAROLD C. MARDEN