Request of House of Representatives,
No. 5625.

## Opinion of the Justices.

Submitted April 10, 1967.
Answer returned April 21, 1967.

The following resolution was adopted by the House of Representatives March 23, 1967 and filed in this court on March 29, 1967:

"Whereas, there is pending before the House of Representatives Senate Bill No. 40, An Act to regulate the operation of business on the first day of the week, known also as Sunday, and certain annual holidays, and

"Whereas, said act would prohibit certain businesses from being open on Sundays and certain holidays, and

"Whereas, questions have been raised concerning the constitutionality of said bill, now therefore be it

" Resolved, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

" 1. Would any constitutional provisions of the state or of the United States be violated by prohibiting businesses from being open on Sundays and on the holidays specified in Senate Bill No. 40 except for works of necessity, emergency, or charity ?

" 2. Would any constitutional provisions of the state or of the United States be violated by excepting stores wherein no more than five persons, including the proprietor, are employed on Sunday and throughout the week in the usual and regular conduct of business, from the requirement of being closed on Sundays and certain holidays, as set forth in section 3 of Senate Bill No. 40 ?

" 3. Would any constitutional provisions of the state or of the United States be violated by excepting stores which have no more than nine thousand square feet of interior customer selling space, excluding back room storage, office and processing space, from the requirement of being closed on Sundays and certain holidays, as set forth in section 3 of Senate Bill No. 40 ?

" 4. Would the enactment of the provision which excepts from the requirement of being closed on Sundays and certain holidays any secular place of business not otherwise prohibited by law if the natural person in control of the business conscientiously believes that the seventh day of the week, or the period which begins at sundown on Friday night and ends at sundown on Saturday night, should be observed as the Sabbath, and causes all places of business in New Hampshire over which he has control to remain closed for secular business during the entire period of twenty-four consecutive hours which he believes should be observed as the Sabbath, and actually refrains from engaging in secular business and from laboring during that period, as set forth in section 3 of Senate Bill No. 40, violate any constitutional provisions of the state or of the United States including, without limiting the foregoing, the religious establishment clause of the First Amendment to the United States Constitution ?

" 5. Do the exceptions set forth in section 3 of Senate Bill No. 40 constitute an improper classification and unjust discrimination, thereby violating any constitutional provisions of the state or of the United States ?

" 6. Is it constitutionally permissible to provide for the exceptions as set forth in section 3 of Senate Bill No. 40 ?

"7. Do any of the exceptions in section 3 of Senate Bill No. 40 violate any constitutional provisions of the state or of the United States?

"8. Can the legislature constitutionally limit the types of business which may remain open on Sundays and certain holidays according to the number of employees such business has?

"9. Can the legislature constitutionally limit the types of businesses which may remain open on Sundays and certain holidays according to the size of the store within which such business is conducted?

"10. Can the legislature constitutionally limit the types of businesses which may remain open on Sunday and certain holidays to those specifically set forth in section 3 of Senate Bill No. 40?

"11. Do any provisions of Senate Bill No. 40 violate any constitutional provisions of the state or of the United States?

"*Be It Further Resolved* that the Speaker transmit seven copies of this resolution and of Senate Bill No. 40 to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The Justices of the Supreme Court make the following reply to the questions contained in your resolution of March 23, 1967, filed in this court on March 29, 1967, with respect to the constitutionality of Senate Bill No. 40.

The bill in question would amend sections 3 and 5 of RSA chapter 578, and repeal sections 4, 11 and 13 of the same chapter. The amendment to section 3 would strike out the existing prohibition of work "to the disturbance of others" on Sunday excepting "works of necessity and mercy," the prohibition of certain mill and factory repairs, and the prohibition of sports and games on that day. It would substitute therefor a prohibition against keeping open "a place of business to the public except for works of necessity, emergency, or charity, or except as provided in section 5 of this chapter."

Section 5 of the chapter would be supplied by section 3 of the bill. It would replace the present section 5, and substitute a list

of exceptions to which the prohibitions of the new section 3 "shall not apply." These exceptions include the operation of specified services to the public, the sale or rental of specified articles of merchandise, motion picture theaters, sports and athletic events with certain qualifications, concerts and lectures, specified places of business if closed on Saturdays, and "stores" employing a specified number of employees, or having a specified maximum "interior customer selling space" as therein provided.

As previously noted the new sections 3 and 5 would replace existing sections 3 and 5. The bill would repeal the present section 4, which prohibits "Sunday sales," with certain exceptions. RSA 578:4.

The constitutionality of the existing statute, which among other things permits the sale of "necessaries of life . . . drugs and medicines" ( RSA 578:4 ) was recently considered and upheld by this court in *State* v. *Rogers*, 105 N. H. 366. The provisions of sections 4 and 5 of the existing statute were held not to violate the Constitution of this State or the First Amendment to the Constitution of the United States, as made applicable to this State by the Fourteenth Amendment, in answer to the contention among others that the statute was a "law respecting an establishment of religion" within the meaning of the First Amendment.

Your resolution of March 23, 1967 submits eleven questions regarding Senate Bill No. 40, some of which may be considered together for purposes of convenience in answering. The first question however appears to be more generalized, and is as follows: "1. Would any constitutional provisions of the state or of the United States be violated by prohibiting businesses from being open on Sundays and on the holidays specified in Senate Bill No. 40 except for works of necessity, emergency, or charity?" As we understand the purport of the question, it seeks advice as to whether the prohibition contained in section 1 of the bill with exceptions limited to "works of necessity, emergency or charity," would be unconstitutional. The answer is "no." Such a prohibition would not violate the Constitution of the United States or of this State. It would not be a "law respecting an establishment of religion, or prohibiting free exercise thereof," within the meaning of the First Amendment to the Constitution of the United States as interpreted by the Supreme Court of the United States. *McGowan* v. *Maryland*, 366 U. S. 420; *Two*

*Guys* v. *McGinley*, 366 U. S. 582; *Braunfeld* v. *Brown*, 366 U. S. 599; *Gallagher* v. *Crown Kosher Market*, 366 U. S. 617. See *State* v. *Rogers*, 105 N. H. 366, *supra.*

The designation of three holidays, in addition to Sundays, as days when places of business shall not be kept open to the public presents no constitutional problem. The exception of " works of necessity, emergency, or charity " would not invalidate the legislation. Such exceptions are commonly recognized and upheld, and are generally considered not to be discriminatory, or violative of the equal protection clauses of either State or Federal Constitutions. See Annots. 57 A.L.R. 2d 975, 980; 91 A.L.R. 2d 763, 765, 770; *Mason* v. *Salem*, 103 N. H. 166, 169; *Commonwealth* v. *Chamberlain*, 343 Mass. 49. See also, 1964 Annual Survey of American Law ( 1965 ) 1, 13.

Questions 2 and 8 seek to determine the constitutionality of provisions of Senate Bill No. 40 which would except from the operation of the law certain stores " according to the number of employees such business has " ( Q. 8 ), and in particular the operation of " stores wherein no more than five persons, including the proprietor, are employed on Sunday and throughout the week in the usual and regular conduct of business . . . as set forth in section 3 of Senate Bill No. 40. " ( Q. 2 ).

Questions 3 and 9 ask whether the Legislature may constitutionally limit types of businesses which may remain open, " according to the size of the store within which such business is conducted " ( Q. 9 ), or more specifically, except from the operation of the statute " stores which have no more than nine thousand square feet of interior customer selling space, excluding back room storage, office and processing space . . . as set forth in section 3 of Senate Bill No. 40. " ( Q. 3 ).

In considering similar questions in *Two Guys* v. *McGinley*, 366 U. S. 582, *supra*, where the issue of discrimination was raised by the proprietors of a large discount department store under the Sunday closing law of Pennsylvania, the Supreme Court of the United States said: " It was within the power of the legislature to have concluded that these businesses were particularly disrupting the intended atmosphere of the day because of the great volume of motor traffic attracted, the danger of their competitors also opening on Sunday and their large number of employees. ' Evils in the same field may be of different dimensions and proportions, requiring different remedies . . . Or the reform

may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind . . . The legislature may select one phase of one field and apply a remedy there, neglecting the others.' *Williamson* v. *Lee Optical*, 348 U. S. 483, 489." *Two Guys* v. *McGinley, supra*, 591, 592.

Similar principles, applied under the provisions of our own Constitution, lead to a like conclusion. "'The State is not bound to cover the whole field of possible abuses.' *Welch Co.* v. *State*, 89 N. H. 428, 432." *Chronicle &c. Pub. Co.* v. *Attorney-General*, 94 N. H. 148, 152.

In a recent advisory opinion to the Legislature submitted in response to questions with respect to analogous provisions of a pending bill, the Justices of the Supreme Judicial Court of Maine pointed out that classification according to number of employees is common practice in workmen's compensation and employment security laws. See RSA 281:2 I; 282:1 G. With respect to provisions resembling those referred to in your questions, they had this to say: "The legislature might conclude that these adverse effects would be kept to a minimum if only small stores as defined were permitted to open and that the public interest would be best served by excepting as a class the proprietors of small stores. The legislature could properly take into account the economy of the State and the dependency of many small stores and shops upon the patronage of vacationers and tourists." *Opinion of the Justices*, 159 Me. 410, 417-418. See *Opinion of the Justices*, 103 N. H. 268, 270.

We see no reason to take issue with the views expressed by the foregoing opinions. However, the provisions referred to by your question 3 which permit the operation of stores having nine thousand square feet of "interior customer selling space" could not be sustained as a classification of "small stores," reasonably to be excepted from the act. *Cf. Opinion of the Justices*, 159 Me. 410, 418, *supra*. The bill which was considered by the Justices in the opinion last cited excepted from its provisions stores having five thousand square feet of interior customer selling space. And see, Me. Rev. Stat. Ann., Title 17, *s*. 3204. Exemption of stores having selling areas substantially in excess of five thousand square feet would open the legislation to charges of arbitrary and invidious discrimination between proprietors of stores of a competitive nature. Accordingly, while we answer your Questions 2, 8 and 9 in the negative, Question 3 is answered in the

affirmative. In our judgment the exception referred to by this question would create an invalid classification.

Your Question 4 seeks to determine whether another exception contained in section 3 of the bill, pertaining to places of business in the control of Sabbatarians, would be invalid under any constitutional provision, or in particular the religious establishment clause of the First Amendment. This exception is stated by section 3 of the bill as follows: ". . . any secular place of business not otherwise prohibited by law if the natural person in control of the business conscientiously believes that the seventh day of the week, or the period which begins at sundown on Friday night and ends at sundown on Saturday night, should be observed as the Sabbath, and causes all places of business in New Hampshire over which he has control to remain closed for secular business during the entire period of twenty-four consecutive hours which he believes should be observed as the Sabbath, and actually refrains from engaging in secular business and from laboring during that period. . . . "

In *Braunfeld* v. *Brown*, 366 U. S. 599, *supra*, the Supreme Court of the United States had before it a Sunday closing law of the Commonwealth of Pennsylvania which contained no such exception. In holding that the absence of such an exception did not render the statute unconstitutional four of the Justices concurred in the following statement: "A number of States provide such an exception, and this may well be the wiser solution to the problem." *Id., p.* 608. Two other Justices were of the opinion that absent such a provision, the plaintiff's rights under the Free Exercise Clause were violated. *Id.,* 610, 616. See also, *Gallagher* v. *Crown Kosher Market,* 366 U. S. 617; *Arlan's Dept. Store* v. *Kentucky,* 371 U. S. 218; *Sherbert* v. *Verner,* 374 U. S. 398.

In a recent study entitled "Statute for a Common Day of Rest," in which a model statute was proposed, this comment was made with respect to a Sabbatarian exemption there suggested: "This possibility [that *Braunfeld* v. *Brown, supra,* might be overruled] in itself might well be considered sufficient to warrant a Sabbatarian exemption. Moreover, the exemption does seem to be the wiser, fairer and more just solution to the problem. The operation of a small group of businesses on Sunday in the manner required by the statute does little to interfere with the secular purposes of the act." 3 Harv. J. on Legislation, 345, 351. See also, Me. Rev. Stat. Ann., Title 17, *ss.* 3201-09; Mass.

Gen. L. Ann., ch. 136 ( Supp. 1964 ). The answer to Question 4 is "no."

Questions 5, 6, 7 and 10 raise the issue of whether the exceptions provided by section 3 of the bill would be unconstitutional because impermissible as an "improper classification and unjust discrimination" ( Q. 5 ), or because violative of constitutional requirements for some other reason not specified. These questions are likewise answered in the negative.

The issues involved were considered at length in *McGowan* v. *Maryland*, 366 U. S. 420, *supra*. The Maryland statutes in one section exempted "all works of necessity and charity." Other sections concerned "a myriad of exceptions for various counties, districts of counties, cities and towns throughout the state." *Id.*, 423, 424. In sustaining the validity of the statutes against the charge of denial of equal protection and violation of due process, the Court said: "The record is barren of any indication that this apparently reasonable basis does not exist, that the statutory distinctions are invidious, that local tradition and custom might not rationally call for this legislative treatment. See *Salzburg* v. *Maryland*, 346 U. S. 545, 552-553; *Kotch* v. *Board of River Port Pilot Commissioners, supra* [ 330 U. S. 552 ]. Likewise, the fact that these exemptions exist and deny some vendors and operators the day of rest and recreation contemplated by the legislature does not render the statutes violative of equal protection since there would appear to be many valid reasons for these exemptions, as stated above, and no evidence to dispel them." *Id.*, 426, 427. In the separate opinion of Justices *Frankfurter* and *Harlan*, it was pointed out: "It is clear that in fashioning legislative remedies by fine distinctions to fit specific needs, 'The range of the State's discretion is large.' *Bain Peanut Co.* v. *Pinson*, 282 U. S. 499, 501 . . . Neither the Due Process nor the Equal Protection Clause demand logical tidiness . . . No finicky or exact conformity to abstract correlation is required of legislation. The Constitution is satisfied if a legislature responds to the practical living facts with which it deals." *Id.*, 523, 524. As there further stated: "Not all activity can halt on Sunday. Some of the very operations whose doings most contribute to the rush and clamor of the week must go on throughout that day as well, whether because life depends on them, or because the cost of stopping and restarting them is simply too great, or because to be without their services would be more disruptive of peace

than to have them continue. " *Id.*, 524. See also, *State* v. *Gates*, 149 W. Va. 421, 445-450; *State* v. *Solomon*, 245 S. C. 550, 571; *Gem Stores* v. *O'Brien*, ( Mo. ) 374 S. W. 2d 109, 117.

Similar considerations govern the application of the provisions of our own Constitution. " That some may do things which others may not, is due and proper discrimination if the reasons for classification are not arbitrary but fairly serve the public interest. *Opinion of the Justices*, 85 N. H. 562, 564, and cases cited. " *Cloutier* v. *State Milk Control Board*, 92 N. H. 199, 205. See also, *Welch Co.* v. *State*, 89 N. H. 428, 431, 432.

For like reasons we are of the opinion that the classifications proposed by section 3 of Senate Bill No. 40 except as previously stated, would be constitutional on their face. In upholding like statutory provisions ( see Me. Rev. Stat. Ann., Title 17, *s.* 3204 ), the highest court of Maine recently held: " Legislators may, however, reasonably determine that the permitted businesses meet the reasonable needs of the day and that the prohibited businesses, namely, other businesses not within ' works of necessity or charity ' would serve no useful purpose and would destroy or tend to destroy the desired opportunity for rest and recreation. " *State* v. *Fantastic Fair & Karmil*, 158 Me. 450, 455, 472-3.

Various categories of activities listed by section 3 of the bill could reasonably be considered by the Legislature to be necessary even on the common day of rest, and hence properly to come within the fundamental exception which would be established by section 1 of the bill, of " works of necessity, emergency, or charity. " Similarly other items specified by section 3 might reasonably be thought to be calculated to advance the purposes of the day.

In summary our answer is that, with the exception of the nine thousand square foot selling space provision referred to in Question 3, the provisions of Senate Bill No. 40 to which your first ten questions relate would not violate any constitutional provisions. In view of its generality and breadth Question 11 is not answered.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.

April 21, 1967.

*Upton, Sanders & Upton* for Giant Stores of New Hampshire, for affirmative answers.

*Hamblett, Kerrigan & Hamblett* for Retail Merchants Association, for negative answers.