COMMONWEALTH of Kentucky, Appellant,

v.

RINK'S DEPARTMENT STORES, INC., Appellee.

COMMONWEALTH of Kentucky, Appellant,

v.

ONTARIO STORE OF CINCINNATI, OHIO, INC., Appellee.

Court of Appeals of Kentucky.

May 2, 1969.

Rehearings Denied Oct. 3, 1969.

John Breckinridge, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Frankfort, for appellant.

Morris Weintraub, Newport, for Rink's Department Stores.

Daniel W. Davies, Newport, for Ontario Store of Cincinnati, Ohio, Inc.

CULLEN, Commissioner.

These consolidated appeals involve two indictments against Rink's Department Stores, Inc., and two against Ontario Store of Cincinnati, Ohio, Inc. One of the indictments against each defendant was for working on Sunday, and the other for employing others to work on Sunday, in alleged violation of KRS 436.160. The circuit court dismissed the indictments on the ground that the statute, in its exemption of "work of necessity," was so vague, indefinite and uncertain as to be unenforceable. The Commonwealth has appealed. (160 additional indictments against Rink's, and 122 against Ontario, also were dismissed and appeals were taken by the Commonwealth, but the perfection of those appeals has been abated pending decision of the appeals here before us.)

In Arlan's Department Store of Louisville v. Commonwealth, Ky., 369 S.W.2d 9, decided in June 1963, this court expressly rejected the proposition that the Sunday Closing Law, KRS 436.160, is void for vagueness. The question in the instant appeals is simply whether the Arlan's decision shall be adhered to or overruled.

The learned trial judge, in a thoroughly documented, well presented opinion, has stated the reasons in support of his conclusion that the statute is void for vagueness. His position has points of merit and his reasoning has elements of persuasiveness. However, the opinion does not destroy nor seriously weaken the force of the reasoning and logic, and the weight of the influences of experience, that impelled this court's decision in the Arlan's case. All of the arguments of vagueness were presented and fully considered when Arlan's case was decided.

Contemporaneously with, or following, our decision in Arlan's case the Sunday Closing Laws of eight other states were or have been attacked in litigation as being void for vagueness. Only in Missouri and Minnesota have the attacks been successful. See Harvey v. Priest, Mo., 366 S.W. 2d 324; State v. Target Stores, Inc., Minn., 156 N.W.2d 908. In North Carolina, Connecticut, West Virginia, Georgia, New Hampshire, and South Carolina the laws were held valid. See Charles Stores Co. v. Tucker, 263 N.C. 710, 140 S.E.2d 370; Knights of Columbus Council No. 3884 (The Reverend Edward Shaughnessy Council) v. Mulcahy, 154 Conn. 583, 227 A. 2d 413; State ex rel. Heck's Inc. v. Gates, 149 W.Va. 421, 141 S.E.2d 369; Berta v. State, 223 Ga. 267, 154 S.E.2d 594; Opinion of Justices, 108 N.H. 103, 229 A.2d 188; State v. Solomon, 245 S.C. 550, 141 S.E.2d 818, 14 A.L.R.3d 1277.

As we said in Arlan's, the faults that exist in Kentucky's Sunday Closing Law are such as properly are remediable only by legislative action, rather than judicial.

We are not persuaded of any reason why the decision in Arlan's case should not be adhered to.

The judgments in all four cases are reversed, with directions that the indictments, be reinstated.

All concur.