**STATE of Maine**

v.

**S. S. KRESGE, INC.**

Supreme Judicial Court of Maine.

Oct. 7, 1976.

POMEROY, Justice.

In *State v. Karmil Merchandising Corp.*, 158 Me. 450, 186 A.2d 352 (1962), we were asked to determine the applicability and constitutionality of the Sunday Closing Law, then P.L.1961, c. 362; R.S.1954, c. 134, §§ 38, 38–A, as applied to discount department stores. In applying the law, we found that while an entire department store could not remain open, those departments selling such items as drugs, books, gifts, or souvenirs, might stay open since they qualified as stores exempted under the terms of the statute.

We upheld the constitutionality of that statute against challenges both that it denied equal protection of the law and was unconstitutionally vague, violating due process. We there said:

"In revising the Sunday Closing Law to meet conditions of contemporary life, the 1961 Legislature sought to retain Sunday as a day of rest and recreation. This purpose, in our view, was accomplished in language which, fairly construed, meets the test of due process and equal protection of the laws . . . ."

*Id.*, 158 Me. at 478, 186 A.2d at 368.

In 1963 the Legislature revised the statute (P.L.1963, c. 370, 17 M.R.S.A. § 3204) by adding certain sections and deleting others. The "local option" section, permitting municipalities to determine which stores might remain open in addition to those already allowed as exemptions, was removed. A provision was added, seemingly aimed at the interpretation of the previous law as described in *Karmil* as applied to department stores. After listing the various exceptions to the closing law, the statute exempted

"stores wherein no more than 5 persons, including the proprietor, are employed in the usual and regular conduct of busi-

Henry N. Berry, III, Dist. Atty., Peter Ballou, Theodore Hoch, Asst. Dist. Attys., Portland, Janet Mills, Law Student, for plaintiff.

Cram & Dalton by Edward C. Dalton, Jr., Falmouth, for defendant.

Malcolm S. Stevenson, Blaisdell & Blaisdell, Ellsworth, for amicus curiae, Maine Merchants Ass'n, Inc.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY and ARCHIBALD, JJ.

* Weatherbee, J. sat at argument and participated in consultation but died prior to adoption of opinion.

ness; stores which have no more than 5,000 square feet of interior customer selling space, excluding back room storage, office and processing space."

"Store" was defined as

"any operation conducted within one building advertising as, and representing itself to the public to be, one business enterprise, regardless of internal departmentalization. All sub-leased departments of any store shall for the purpose of this section be deemed to be operated by the store in which they are located. Contiguous stores owned by the same proprietor or operated by the same management shall be deemed to be a single store for the purpose of this statute."

During the debate over revising this statute, the Legislature requested this court to give an advisory opinion (Article VI, section 3 of the Constitution of Maine) as to the constitutionality of the new section creating classifications of stores based on their size and the number of employees. The Justices, answering the specific questions asked, opined the classifications were constitutionally permissible. *Opinion of the Justices*, 159 Me. 412, 418 (1963).

We are now faced with the applicability and constitutionality of the Sunday Closing Law, 17 M.R.S.A. § 3204, as applied to another discount department store.

We find that the appellant S. S. Kresge, Inc. (hereafter Kresge) does not fit within the exemptions to the closing law and that the statute is constitutional as applied.

Kresge owns and operates K–Mart, located in the town of Falmouth. K–Mart is a department store in the common understanding of the term in that it has numerous departments selling a variety of merchandise. The gross sales area is 62,432 square feet and considerably more than five employees work there on a regular basis. Included in the footage is the Garden Shop (hereafter the Shop) which is the subject of this appeal.

The Shop comprises an area measuring 4829.75 square feet and regularly employs four persons. The Shop is separated from the main store. It is enclosed by a mesh fence and is open and exposed to the elements. The purpose for the Shop being outside is to assist in the growth of the plants and plant products which are sold there. The Shop also sells gardening equipment such as lawnmowers, garden hoses, rakes, and gardening tools.

On Sunday, April 20, 1975, K–Mart opened the Shop with five employees working there. The main store was not open and the only entrance to the store from the Shop enclosure was locked. A Falmouth Police Department officer observed that the Shop was open for business and that a sales transaction had taken place. On his statement, a complaint was issued against Kresge.

From the judgment that Kresge was guilty of violating 17 M.R.S.A. § 3204, this appeal ensued.

We deny the appeal.

■ In arguing that its activity is not prohibited by § 3204, Kresge maintains that only the sale of merchandise from interior selling space is forbidden by statute. This contention is based on references found in the statute to the exemption of stores having no more than 5,000 square feet of *interior* customer selling space and to the definition of a store as an operation conducted *within* one building. Since penal statutes are to be strictly construed, *Davis v. State*, Me., 306 A.2d 127, 129 (1973), and since the "intent" of the Legislature was to deter the opening of interior selling space, Kresge argues that the Shop's activities are not proscribed.

■ This contention fails upon closer analysis of the statute.

"No person, firm or corporation shall, on the Lord's Day; . . . keep open a place of business to the public except

for works of necessity, emergency or charity." 17 M.R.S.A. § 3204.

Kresge does not argue that its operation qualifies as a work of necessity, emergency or charity. Without falling into one of these categories, Kresge's business is expressly prohibited unless it falls within one of the statutory exemptions. While greenhouses are exempted, Kresge does not maintain that the Shop is a greenhouse.

Kresge clearly does not come within the terms of any of the other exemptions, unless the Shop can qualify as a store employing five employees with 5,000 square feet or less of customer selling space. However, by the terms of its own argument, Kresge fails here. The statute provides that this exception relates to *interior* selling space.

Kresge has stressed that the Shop is all *exterior*.

Since all businesses which are not exempted or are not works of necessity, emergency or charity are proscribed, the Shop cannot continue its Sunday operations.

■ Moreover, under Kresge's interpretation, any store that wished to avoid the operation of the statute could merely conduct its operations outside.

"The purpose of the Sunday Closing Law is to perserve a day of rest and recreation with business and other activities limited to meeeting the objectives." *State v. Karmil Merchandising Corp.*, supra, 158 Me., at 472, 186 A.2d at 366.

If otherwise prohibited, businesses could operate outside on Sunday, and the purpose of the statute would be rendered nugatory. While it is true that penal laws are to be strictly construed,

"yet the intention of the Legislature must govern in the construction of penal as well as other statutes, and they are

not to be construed so strictly as to defeat the obvious will of the Legislature." *Davis v. State*, supra, at 129–30.

Kresge also argues that the Shop is exempt from the Sunday Closing Law under the 5 employee/5,000 square feet provision.

That issue was touched on above.

■ Suffice it to say that the Shop is neither "interior customer selling space" under the terms of that provision, nor is it a "store" within the statutory definition of the term. The Shop is not an operation conducted within one building and it does not represent itself to be one business enterprise separate from K–Mart.

■ Kresge has standing to raise constitutional issues. *State v. Karmil Merchandising Corp.*, supra; *LaFleur ex rel. Anderson v. Frost*, 146 Me. 270, 80 A.2d 407 (1951).

Kresge argues that the statute violates due process since it is overly vague. This contention has often been made in relation to Sunday Closing Laws. Almost without exception, the courts have rejected it. *See McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *State v. Karmil Merchandising Corp.*, supra; *Hechinger Co. v. State's Attorney*, 272 Md. 706, 326 A.2d 742 (1974); *Giant of Maryland, Inc. v. State's Attorney*, 267 Md. 501, 298 A.2d 427, appeal dismissed, 412 U.S. 915, 93 S.Ct. 2733, 37 L.Ed.2d 141 (1973); *Richard's Furniture Corp. v. Board of County Commissioners of Anne Arundel County*, 233 Md. 249, 196 A.2d 621 (1964); *State v. K–Mart*, 134 N.J.Super. 76, 338 A.2d 230 (1975); *State v. Monteleone*, 36 N.J. 93, 175 A.2d 207 (1961); *State v. Giant of St. Albans*, 128 Vt. 539, 268 A.2d 739 (1970). *Contra, Henderson v. Antonacci*, Fla., 62 So.2d 5 (1952).

■ The principle governing the *"void for vagueness"* doctrine in this case is that a law will not be struck down unless busi-

ness people or ordinary intelligence are not able to determine what businesses are exempt from the statutory prohibition. *McGowan v. Maryland,* supra; *State v. Karmil Merchandising Corp.,* supra; *Swed v. Inhabitants of Town of Bar Harbor,* 158 Me. 220, 182 A.2d 664 (1962).

"Legislation should not be held invalid on the ground of uncertainty, if susceptible of any reasonable construction that will support it. When the language of an act appears on its face to have a generalized meaning, and from the nature of the subject matter lends itself to precise or intelligible application in the circumstances under which the Legislature intended it to operate, the courts are obliged to sustain the same as valid by giving it that reasonable construction which men of common intelligence would readily ascribe to the legislation." *State v. Davenport,* Me., 326 A.2d 1, 6 (1974).

■ It is apparent that the act prohibits the operation of all businesses on Sunday which are not expressly exempted from the proscription of the act. In *Karmil,* supra, we found that the exemptions themselves were not vague. The 5/employee-5,000/square feet provision enacted after *Karmil* clearly excludes the Shop from being exempted. Business people of reasonable understanding need not guess at the provision's meaning.

Kresge's contention that the statute is vague is without merit.

Kresge's other claim that the statute is unconstitutional is based on its assertion that § 3204 creates a classification so arbitrary as to deny Kresge equal protection of the laws. It contends that by permitting small stores to remain open to sell items that would be excluded were it not for the size of the store, the act discriminates unlawfully against larger stores selling the same items. Further, it says, the sale of unexempted items by small stores is not reasonably related to the promotion of

health and recreation, the purposes of the legislation. Finally, Kresge is discriminated against since greenhouses selling the same items as the Shop and generating as much noise and traffic are allowed to stay open to the detriment of healthy, retail competition.

■ One challenging the constitutionality of a statute bears a heavy burden of proving unconstitutionality since all acts of the Legislature are presumed constitutional. *Union Mutual Life Insurance Co. v. Emerson,* Me., 345 A.2d 504, 507 (1975); *Ace Tire Co., Inc. v. Municipal Officers of City of Waterville,* Me., 302 A.2d 90, 95 (1973). Furthermore, legislatures have a wide discretion in enacting laws which affect some groups of citizens differently than others. The constitution is offended only if the classification rests on grounds wholly irrelevant to the achievement of the statute's objectives. *McGowan v. Maryland,* supra, 366 U.S. at 425, 81 S.Ct. 1101; *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 31 S.Ct. 337, 55 L.Ed. 369 (1911); *Union Mutual Insurance Co. v. Emerson,* supra, at 507; *State v. Monteleone,* supra, 175 A.2d at 209; *City of Bismarck v. Materi,* N.D., 177 N.W.2d 530, 539 (1970); *Broadbent v. Gibson,* 105 Utah 53, 140 P.2d 939, 944 (1943).

This court has already upheld the constitutionality of a statute requiring some stores selling certain items to close while permitting others which sell different types of items to remain open. These classifications were upheld on the grounds that:

"Legislators may, however, reasonably determine that the permitted businesses meet the reasonable needs of the day and that the prohibited businesses, namely, other businesses not within 'works of necessity or charity' would serve no useful purpose and would destroy or tend to destroy the desired opportunity for rest and recreation.

"The Legislature in making the exemptions may properly have considered

not only the needs of our citizens but as well the needs of the thousands who make Maine their vacationland. There is no reason for judges to blind their eyes to the importance of the tourist to the economy of the State and to his particular Sunday needs." *State v. Karmil Merchandising Corp.,* supra, 158 Me. at 472-73, 186 A.2d at 366.

This result is consistent with that in numerous other jurisdictions. *McGowan v. Maryland,* supra; *Two Guys From Harrison-Allentown, Inc. v. McGinley,* 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961); *Humphrey Chevrolet, Inc. v. City of Evanston,* 7 Ill.2d 402, 131 N.E.2d 70 (1956); *Giant of Maryland Inc. v. State's Attorney,* supra. While cases holding to the contrary may be found [*Elliott v. State,* 29 Ariz. 389, 242 P. 340, 46 A.L.R. 284 (1926); *Terry Carpenter, Inc. v. Wood,* 177 Neb. 515, 129 N.W.2d 475 (1964); *Broadbent v. Gibson,* supra], we find no reason to depart from our original holding.

The question before us now becomes whether a distinction based on size between stores selling the same types of goods is so unreasonable as to be arbitrary.

We hold that it is not.

The constitution "does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas,* 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940). Similarly,

> "Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. *Tigner v. Texas,* 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124. Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. *Semler v. Dental Examiners,* 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086. The legislature may select one phase of one field and apply a

remedy there, neglecting the others. *A. F. of L. v. American Sash Co.,* 335 U.S. 538, 69 S.Ct. 258, 93 L.Ed. 222. The prohibition of the Equal Protection Clause goes no further than the invidious discrimination." *Williamson v. Lee Optical of Oklahoma, Inc.,* 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563, 573 (1955).

Applying these principles, we find no invidious discrimination against large department stores. Rather, there are reasonable justifications for the classification. The promotion of rest and recreation has already been held to provide a reasonable basis for Sunday Closing Laws. *State v. Karmil Merchandising Corp.,* supra, 158 Me. at 472, 186 A.2d at 366. Surely the legislature may close down large stores, which employ more people, in order to promote relaxation for the majority of the populace. Allowing smaller stores to remain open is reasonable, since the relaxation of most requires the employment of some. *Goodman v. Kennedy,* Pa., 329 A.2d 224 (1974).

Another justification, as we noted in *Opinion of the Justices,* 159 Me. 410, 191 A.2d 637 (1963), is that closing large stores eliminates "concentrations of traffic and the hustle and bustle on Sundays caused by the business operations of large merchandising concerns" which interfere with the peaceful atmosphere of the day. *Id.,* at 417, 191 A.2d at 641.

Kresge contends that these justifications do not operate to keep the act from being arbitrary in the present case. The Shop employs only five people on Sunday and generates the same amount of traffic as a nearby greenhouse, it is said. Moreover, the Shop's activities, like those of the greenhouse, promote recreation.

This type of contention was answered by Justice Frankfurter, concurring in *McGowan v. Maryland,* supra, 366 U.S. at 542, 81 S.Ct. 1101. Quoting from Justice Holmes' opinion in *Patsone v. Pennsylvan-*

*ia,* 232 U.S. 138, 144, 34 S.Ct. 281, 282, 58 L.Ed. 539, Justice Frankfurter opined:

" 'A lack of abstract symmetry does not matter. The question is a practical one dependent upon experience. The demand for symmetry ignores the specific difference that experience is supposed to have shown to mark the class. It is not enough to invalidate the law that others may do the same thing and go unpunished, if, as a matter of fact, it is found that the danger is characteristic of the class named.' "

The fact that the Shop which Kresge proposes to keep open on Sunday is outside the building which houses its other departments does not completely palliate the evils sought to be obviated by the passage of the statute.

As indicated above, one of the primary purposes of the statute is to assure that Sunday be preserved as a day which can be used for rest and recreation. While it is true that the space occupied by the Shop is relatively small and the number of persons required to work in the Shop on Sunday is few, it is apparent to us that if the statute is interpreted so as to permit this appellant to keep its Shop open on Sunday, other department stores will be invited, if not forced by competition, to open their garden shops on Sunday. This result, if enough stores are involved, would obviously defeat the Legislature's purpose in enacting the statute.

■ In view of the potential consequences inherent in allowing a unit of a large department store to remain open on Sunday, which unit is located outside the main building of the store, the statute does not work constitutionally impermissible discrimination against Kresge.

Accordingly, the entry must be and is:

Appeal denied.

All Justices concur.

WERNICK and DELAHANTY, JJ., did not sit.