## State of Maryland *vs.* John Fearson.

The effect of a demurrer to an indictment is to admit the facts as stated in the indictment.

The suffering persons to play cards and bet upon games at cards in his tavern on the sabbath day, by a licensed tavern keeper, is an offence prohibited by the act of 1723, ch. 16, sec. 11, which provides, "that no house-keeper shall sell any strong liquor on Sunday, or suffer any drunkenness, gaming or unlawful recreations in his or her house."

A *tavern-keeper* is clearly a *house-keeper* in contemplation of this act, and the term *gaming* as there used, is synonymous with *betting on games*.

The design of that act was to make that unlawful on a Sunday which would be deemed in law as innocent on any other day; therefore the term *gaming* there used, cannot be supposed to mean *unlawful games*, which is the usual meaning of the term, for such are violations of the law whether practiced on Sunday or any other day.

Error to the Circuit court for Charles county.

The defendant in error was indicted for suffering card play-

ing and betting on cards in his tavern on the sabbath day. The indictment and pleadings are sufficiently stated below in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Robt. S. Reeder*, States attorney for Charles county, for the State, contended.

1st. That the general demurrer admits all the averments of the indictment to be true, 2 *H. & G.*, 147, *Weems vs. Millard.*

2nd. by the acts of 1827, ch. 117, 1831, ch. 262, 1832, ch. 273, and 1847, ch. 193, taverns are allowed to be licensed, and taverns and inns are treated as synonymous with ordinaries. The defendant admits that he was a licensed tavernkeeper.

3rd. Gambling on the sabbath is an indictable offence at common law, and if this be so an aider and abettor is also indictable. See *Wharton's Precedents of Indictments*, 444, 445, 446, and notes on those pages. The act of 1723, ch. 16, is a recognition of this principle; it authorises the punishment of a breach of the sabbath by a magistrate. This act is only the giving of a concurrent jurisdiction to the magistrate to punish a common law offence and not the creation of a new offence. If the offence of gambling on the sabbath be indictable, he who aids and abets it ought to be equally liable to indictment. See on this point the reasoning of the Court of Appeals in *Smith vs. State*, 6 *Gill*, 428.

4th. The conclusion of the indictment against the form of the act of Assembly does not vitiate, although there be no act. If there be no act such a conclusion is mere surplussage, and will be expunged by the court and judgment given at common law. 1 *Chitty's Crim. Law*, 289. *Davis vs. State*, 3 *H. & J.*, 154. *Archb. Crim. Pl.*, 70. See also act of 1852, ch. 63.

5th. If any objection is urged on the ground of venue it cannot be available, because a reference to the English au-

thorities show, that it is sufficient if the offence be within the jurisdiction of the court.   See also act of 1852, ch. 63.

No counsel for the defendant in error.

MASON, J., delivered the opinion of the court.

The indictment in this case alleges, that the defendant, John Fearson, "on the sabbath day, he being a licensed tavern-keeper, did suffer divers persons, to wit: Joseph B. Harbin, Thomas C. Ward and Henry B. Shannon to play at a game with cards, and bet upon games of hazzard upon cards, and win and loose money upon the same in the tavern of him the said John Fearson," &c.

To this indictment the defendant demurred, and the circuit court sustained the demurrer, whereupon the plaintiff appealed to this court.

The effect of the demurrer was to admit the facts as stated in the indictment, and we are now called upon to decide whether such a state of facts constitutes an offence under our laws.

After an attentive examination of our acts of Assembly we find, that the only one which could embrace the present case is the act of 1723, ch. 16; sec. 11.   That section provides, "that no house-keeper shall sell any strong liquor on Sunday, or suffer any drunkenness, gaming or unlawful sports or recreations in his or her house."

A *tavern-keeper* is clearly a house-keeper in contemplation of the act of Assembly, and the only remaining inquiry is, does the present alleged offence come within any of those enumerated in the law?   If so it must be classed under the head of gaming.  In the connection in which this term is employed we must regard it as synonymous with *betting on games.*   It cannot be supposed to mean *unlawful games*, which is the usual signification given to the term, for such would be violations of the law, whether practiced on Sunday or any other day of the week; or if they were not, the policy of this law would prohibit such practices alike on every day of the week as well as on Sunday, and therefore we cannot

suppose that the legislature designed to give such a construction to the word *gaming.* We are to regard the act as designing to make that unlawful on a Sunday which would be deemed in law as innocent on any other day of the week. The title of the law indicates, that it is an act to punish *sabbath-breakers.*

The defendant admits, that he *suffered* betting on cards, (which we have construed to mean *gaming,*) in his house on Sunday. To "suffer gaming on Sunday," is the offence provided for by the act of Assembly, and we think the defendant has been brought within its purview, for the reasons already given.

Independent of any statutory prohibition, this is a gross offence against decency and public morals, and therefore richly merits punishment.

*Judgment reversed and procedendo awarded.*