CHILLUM-ADELPHI VOLUNTEER FIRE DEPARTMENT, INC., ET AL. v. BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY, MD., ET AL.

[No. 658, September Term, 1966.]

374

*Decided July 3, 1967.*

*Motion for reargument filed July 10, 1967, denied July 12, 1967.*

The cause was argued before HAMMOND, C. J., and MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Karl G. Feissner,* with whom were *Alpern & Feissner* and *William L. Kaplan* on the brief, for appellants.

*Lionell M. Lockhart,* with whom were *Harry L. Durity, James J. Lombardi, Martin Hertz* and *James F. Sharkey* on the brief, for Board of County Commissioners for Prince George's County, part of appellees; *L. Harold Sothoron* for Brentwood Volunteer Fire Dept., City of Brentwood, another appellee; *Paul M. Nussbaum* on the brief for City of Mt. Rainier, The Volunteer Fire Department of Mt. Rainier, other appellee.

BARNES, J., delivered the opinion of the Court.

In this case, we are asked to determine the relative duties and areas of authority of certain volunteer fire companies in Prince George's County.

The Chillum-Adelphi Volunteer Fire Department, Inc. (Chillum Fire Department) was incorporated in 1951 "to protect the properties and lives" in the Chillum-Adelphi area by "extinguishing and suppressing fires." Believing these purposes were being frustrated by the actions of the County Commissioners of Prince George's County and the neighboring volunteer fire departments of Brentwood and Mount Rainier, Chillum brought a bill in equity for declaratory relief in the Circuit Court for Prince George's County. Two individual taxpayers, owning property in the 17th Unincorporated Election District, served by the Chillum Fire Department, joined as plaintiffs on behalf of themselves and others similarly situated.

The principal relief sought below was that the Chancellor (1) require the Fire Control Board of Prince George's County to dispatch the Chillum Fire Department to all fires within the 17th Election District; and (2) require the volunteer fire companies of Brentwood and Mount Rainier to submit to the command of the Chillum Fire Department while fighting fires in the 17th Election District. The plaintiffs also asked the Chancellor to declare that the Chillum Fire Department had authority to enforce the Prince George's County Fire Code within the 17th Election District.[1]

---

1. The plaintiffs also asked the lower court to enjoin the Brentwood and Mount Rainier volunteer fire departments from interfering with radio transmissions between the Chillum Fire Depart-

The Chancellor (Powers, J.), after conducting a lengthy hearing and delivering an oral opinion in which he stated that declaratory relief could not be granted, dismissed the bill. A petition for "modification and reconsideration" was also denied. This appeal by the plaintiffs followed.

The plaintiffs introduced evidence before the Chancellor tending to show that the present regulations governing the duties and responsibilities of the volunteer fire departments involved are not in accord with principles of sound fire safety and have worked consequences inimical to the public welfare. By these regulations, instituted by the Fire Control Board of Prince George's County in conjunction with the Volunteer Firemen's Association, Inc., the fire department closest to the blaze is given command responsibility in ordering equipment and directing fire-fighting operations. The plaintiffs also claimed—introducing evidence to support their contention—that the County Fire Marshal has not performed proper fire inspections within the Chillum-Adelphi area. The Chancellor made no finding that these complaints were valid and held that there was no legal justification for granting the relief prayed by the plaintiffs. We believe the Chancellor was correct in refusing to grant the relief prayed.

1.

The plaintiffs based their principal requests for declaratory relief (that the Chillum Fire Department be dispatched to all fires in its district and have command responsibility) upon the theory that the General Assembly has delegated "primary responsibility" and authority for fire protection in the 17th Election District to the Chillum Fire Department. Therefore, it is urged, any attempted usurpation of that authority either by the Prince George's County Commissioners or by the defendant volunteer fire companies is *ultra vires* and illegal. We disagree with the plaintiffs' major premise, and hold that the General Assembly has not cloaked the Chillum Fire Department with primary responsibility or "jurisdiction" in the district that it serves.

---

ment and the Prince George's County Fire Control Board. This point was not briefed or argued by the plaintiffs on appeal, however.

It is conceded by the plaintiffs that the General Assembly has passed no statute of general or local application expressly dealing with the jurisdiction of relative duties of volunteer fire departments in Prince George's County. We are referred to no legislation, nor has our own research revealed any statute or local law, from which a definition of such areas of responsibility could be implied.

The plaintiffs point to sections 32-2 and 32-3, Code of Public Local Laws of Prince George's County (1963 Ed.). These sections provide for the assessment of a fire tax on real and personal property within the 17th Election District. The local law directs that the bulk of the tax collected be distributed to the Chillum Fire Department, and that the remainder be distributed, on a percentage basis, to neighboring volunteer fire departments, including the defendant fire departments. The fact that the Chillum Fire Department receives most of the fire tax assessed on property within the 17th Election District may raise the implication that it is expected that Chillum will answer most of the fire calls within that area. This implication cannot be properly extended, however, to include a legislative requirement that the Chillum Fire Department be called to *all* fires within the 17th Election District or that it have *command responsibility* in directing the extinguishment of those fires. "That which necessarily is implied in a statute is as much a part of it as that which is expressed." *Shapiro v. Mayor & City Council of Balto.*, 230 Md. 199, 210, 186 A. 2d 605 (1962); *Restivo v. Princeton Construction Co.*, 223 Md. 516, 525, 165 A. 2d 766 (1960). But we cannot construe statutory language nor stretch legislative intent beyond the fair implication of the statute's words or its purpose. See *Perry v. Montgomery County Board of Appeals*, 211 Md. 294, 303, 127 A. 2d 507 (1956); *State v. Mott*, 61 Md. 297, 303-04 (1884). We think sections 32-2 and 32-3 were meant only to provide for and apportion funds among the volunteer fire companies serving the 17th Election District and not to give the Chillum Fire Department any special duties or privileges in that area.

## 2.

Similarly, the plaintiffs' contention that the Chillum Fire Department be declared authorized to enforce the Prince George's

County Fire Code within the 17th Election District must also fail. Maryland Code, Article 48, section 181 (1965 Repl. Vol.) authorized "the chief engineer, captain or lieutenant of any volunteer fire company" to inspect buildings and enforce the removal of combustible material by giving 48 hours notice to the occupant. We cannot glean from this legislative directive an intent that the Chillum Fire Department has the power to enforce the Prince George's County Fire Code. On the contrary, Code, Article 25, section 11 (1966 Repl. Vol.) authorizes the County Commissioners to adopt a fire prevention code. Acting pursuant to this provision, the County Commissioners of Prince George's County did enact a Fire Code in 1953. This Code specifically provides that the duties and powers set forth therein are conferred upon the "officers of the Department of Fire Prevention," the head of which is the Fire Marshal. Prince George's County Fire Code, sections 101 and 102 (Res. No. 207, 1953). Under these circumstances it is clear that the duty and authority for enforcing the Fire Code rests, throughout the County, in the Fire Marshal and not in local fire departments.

3.

Our holdings in this case should not be construed as giving judicial benediction to the regulations now governing the responsibilities and authority of volunteer fire departments in Prince George's County. It may be that these rules, as the plaintiffs allege, are unreasonable and lead to "actions below the standards necessary for the protection of the community as a whole." It may be, as the plaintiffs claim, that the regulations, discussed in Part 1 of this opinion, are sanctioned and enforced by the County Commissioners and that the County Commissioners have acted without the necessary authority from the General Assembly. The Chancellor did not make findings of fact or conclusions of law on these points, and we do not rule on them. The question of whether a court of equity should restrain the enforcement of unreasonable or illegal regulations is simply not before us for review. The plaintiffs have asked the Chancellor and us to declare that a set of *different and precise* rules were intended by the General Assembly, and, as we have said, there is no statutory basis for this claim. Our affirmance of the Chancellor of course, does not bar the plaintiffs from seeking a leg-

islative solution to what may be, in fact, an unfortunate and dangerous situation.

*Decree affirmed, costs to be paid by appellants.*