## REBE ET AL. *v.* STATE'S ATTORNEY FOR PRINCE GEORGE'S COUNTY

[No. 462, September Term, 1970.]

*Decided June 2, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Thomas V. Moore* for appellants.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *E. Allen Shepherd, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

On 2 December 1970, the Circuit Court for Prince George's County, in a proceeding brought by the State's Attorney, permanently enjoined Arlan's of Bowie (Arlan's), a discount department store with 22 employees, located in Bowie, Maryland, and Rebe, its manager, from conducting business on Sundays, in contravention of the provisions of Maryland Code (1957, 1971 Repl. Vol.) Art. 27, § 534H (c) (3) (a portion of what is sometimes known as the Prince George's County "Blue Law"). Rebe and Arlan's have appealed, assigning as error the trial court's exclusion of evidence proffered in support of their contention that the Blue Law's scheme of classification is irrational and arbitrary and contending that because the classification is arbitrary, the law is violative of the Fourteenth Amendment to the United States Constitution.[1]

Art. 27, § 492 to § 534M is a mosaic of Sunday clos-

---

1. It should be noted that there is no contention that any First Amendment right has been violated. Compare, as a matter of historical interest, *Judefind v. State,* 78 Md. 510, 515-16, 28 A. 405, 22 L.R.A. 721 (1894).

ing laws, accumulated under the subtitle "SABBATH BREAKING." Although the General Assembly had enacted similar restrictions as early as 1649, 1 Archives of Maryland 244 (1883), Art. 27, § 492, which prohibits "bodily labor" throughout the State on Sunday, seems to have stemmed from Chapter XVI, § 10 of an Act passed by the General Assembly on 26 October 1723, Bacon, *Laws of Maryland* (1765) :

> "And be it Enacted, That no Person whatsoever, shall Work, or do any bodily Labour on the Lord's Day, commonly called Sunday, and that no Person, having Children, Servants or Slaves, shall command, or wittingly or willingly suffer any of them to do any Manner of Work or Labour on the Lord's Day, (Works of Necessity and Charity always excepted) nor shall suffer or permit any Children, Servants or Slaves, to profane the Lord's Day, by Gaming, Fishing, Fowling, Hunting, or unlawful Pastimes or Recreations: And that every Person transgressing this Act, and being thereof convict, by the Oath of one sufficient Witness, or Confession of the Party before a single Magistrate, shall forfeit Two Hundred Pounds of Tobacco to be levied and applied as aforesaid."

Onto § 492 has been engrafted the myriad of exceptions and variations which now applies to the several counties, cities and towns of Maryland.

The section at issue here, Art. 27, § 534H provides in part:

> "(a) In Prince George's County, except as specifically in this section otherwise provided, it is unlawful on Sunday for any wholesale or retail establishment to conduct business for labor or profit in the usual manner and location or to operate its establishment in any manner for the general public. It shall not cause, direct,

permit, or authorize any employee or agent to engage in or conduct business on its behalf on Sunday.

(b) Notwithstanding any provision of this section, the operation of any of the following types of retail establishments is allowed on Sunday.

1. Drugstores whose principal business is the sale of drugs and related items.

2. Delicatessens whose principal business is the sale of delicatessens and related food items.

3. Bakeries and bakeshops.

4. Gasoline stations whose principal business is the sale of gasoline, oil, and other automobile maintenance items.

(c) Nothing in this section applies to:

1. Farmers

2. Nurserymen

3. *Small business with not more than six (6) persons on any one shift with the exception of persons or retailers engaged in the sale of motor vehicles.* (Emphasis supplied)

\* \* \*"

It is not surprising that a subject as complicated and as controversial as the regulation of Sunday observance, as we noted in *Patton v. Graves,* 244 Md. 528, 532, 224 A. 2d 411 (1966), should "have generated much work for the courts and unceasing turmoil in the General Assembly." [2] The Anne Arundel County Sunday Observance Law, Art. 27, § 521, survived a constitutional challenge

---

2. See, for example, *Carrier v. Lynch,* 209 Md. 349, 121 A. 2d 246 (1956); *County Comm'rs of Anne Arundel County v. Thomas,* 172 Md. 18, 190 A. 681 (1937); *Ness v. Supervisors of Elections of Baltimore City,* 162 Md. 529, 160 A. 8 (1932); *Callan v. State,* 156 Md. 459, 144 A. 350 (1929); *Spann v. Gaither,* 152 Md. 1, 136 A. 41 (1927); *Levering v. Williams,* 134 Md. 48, 106 A. 176 (1919); *Hiller v. State,* 124 Md. 385, 92 A. 842 (1914); *Philadelphia, Wilmington and Baltimore Railroad Co. v. Lehman,* 56 Md. 209 (1881); *State v. Fearson,* 2 Md. 310 (1852); *Bode v. State,* 7 Gill 326 (1848), and *Kilgour v. Miles,* 6 G. & J. 268 (1834).

in this Court, *McGowan v. State,* 220 Md. 117, 151 A. 2d 156 (1959) and in the Supreme Court of the United States, *McGowan v. Maryland,* 366 U. S. 420, 81 S. Ct. 1101, 6 L.Ed.2d 393 (1961). *Richards Furniture Corp. v. Board of County Comm'rs of Anne Arundel County,* 233 Md. 249, 196 A. 2d 621 (1963) mounted an unsuccessful attack on the constitutionality of Art. 27, § 521 (b) which permitted Sunday operation of retail establishments in Anne Arundel, Kent, Queen Anne's and Talbot Counties where not more than one person, other than the proprietor, was employed. One might suppose that *McGowan,* in which an attack on the Anne Arundel County Blue Law was unsuccessful, and *Richards,* involving the validity of a provision similar to the one here involved, would be dispositive of the issue in this case. Chief Justice Warren, speaking for the majority in *McGowan,* described Maryland's statutory scheme:

> "The remaining statutory sections concern a myriad of exceptions for various counties, districts of counties, cities and towns throughout the State. Among the activities allowed in certain areas on Sunday are such sports as football, baseball, golf, tennis, bowling, croquet, basketball, lacrosse, soccer, hockey, swimming, softball, boating, fishing, skating, horseback riding, stock car racing and pool or billiards. Other immunized activities permitted in some regions of the State include group singing or playing of musical instruments; the exhibition of motion pictures; dancing; the operation of recreation centers, picnic grounds, swimming pools, skating rinks and miniature golf courses. The taking of oysters and the hunting or killing of game is generally forbidden, but shooting conducted by organized rod and gun clubs is permitted in one county. In some of the subdivisions within the State, the exempted Sunday activities are sanctioned throughout the day; in

others, they may not commence until early afternoon or evening; in many, the activities may only be conducted during the afternoon and late in the evening. Certain localities do not permit the allowed Sunday activity to be carried on within one hundred yards of any church where religious services are being held." 366 U. S. at 424

The Court concluded that despite the complicated exceptions, there was no infringement of equal protection, because there was nothing in the record to indicate that the General Assembly acted unreasonably in setting up the classifications. On this point, the Court said:

"The standards under which this proposition is to be evaluated have been set forth many times by this Court. Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. * * *

"It would seem that a legislature could reasonably find that the Sunday sale of the exempted commodities was necessary either for the health of the populace or for the enhancement of the recreational atmosphere of the day —that a family which takes a Sunday ride into the country will need gasoline for the automobile and may find pleasant a soft drink or fresh fruit; that those who go to the beach may wish

ice cream or some other item normally sold there; that some people will prefer alcoholic beverages or games of chance to add to their relaxation; that newspapers and drug products should always be available to the public.

"The record is barren of any indication that this apparently reasonable basis does not exist, that the statutory distinctions are invidious, that local tradition and custom might not rationally call for this legislative treatment." 366 U. S. at 425-26 [3]

It was the phrase "local tradition and custom," in the last paragraph of the quotation, which caught the appellants' eyes. What they attempted to do was to show that other stores in the Bowie area, employing no more than six persons, operated on Sunday and sold the same lines of merchandise as those sold by Arlan's and that "the customs and habits of the people of Prince George's County are such as favor the Sunday operation." From this they would project an argument that local tradition and custom do not offer rational support for the classification which the legislature made.

---

3. The concurring opinion of Mr. Justice Frankfurter in *McGowan* struck a similar note:

"* * * The restricted scope of this Court's review of state regulatory legislation under the Equal Protection Clause is of long standing. *Lindsley v. Natural Carbonic Gas Co.*, 220 U. S. 61, 78-79. The applicable principles are that a state statute may not be struck down as offensive of equal protection in its schemes of classification unless it is obviously arbitrary, and that, except in the case of a statute whose discriminations are so patently without reason that no conceivable situation of fact could be found to justify them, the claimant who challenges the statute bears the burden of affirmative demonstration that in the actual state of facts which surround its operation, its classifications lack rationality." 366 U. S. 534-35

"* * * There is presented in this record not a trace of evidence as to the habits and customs of the population of Maryland or of Anne Arundel County, nothing that suggests that the pattern of legislation which their representatives have devised is not reasonably related to local circumstances determining their ways of life. Appellants have wholly failed to meet their burden of proof." 366 U. S. 536-37

Assuming, for the purposes of this opinion, that the proffered testimony should have been admitted, it still would not have won the day. Although *Richards, supra,* dealt with Art. 27, § 521 (b), which allowed an establishment with not more than one employee other than the proprietor to remain open on Sunday, while Art. 27, § 534H allows a "[s]mall business with not more than six (6) persons on any one shift" to remain open, what we said in *Richards* is apposite here:

"* * * In the recent case of *McGowan v. Maryland,* 366 U. S. 420, wherein the Supreme Court affirmed a decision of this Court (*McGowan v. State,* 220 Md. 117, 151 A. 2d 156) that Court pointed out that the stipulation in Section 521 that permits shops with only one employee to remain open on Sunday and the other provisions of Maryland law which permit various sports and entertainment on Sunday were clearly fashioned for 'the purpose of providing a Sunday atmosphere of recreation, cheerfulness, repose and enjoyment,' and then stated: '* * * the constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State Legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' " 233 Md. at 263

and then concluded:

"We think, and therefore hold, the Act conforms with the Maryland scheme as delineated by the Supreme Court in the passage quoted above. The operation of large commercial markets or department stores on Sunday would materially interfere with the recreational atmos-

phere of the day, while small retail operations will not. And we think the classifications prescribed by the Act are reasonable and proper and are not of an invidious nature, *McGowan v. Maryland, supra,* being designed to prohibit on Sundays large commercial operations such as that here attempted by the Market." 233 Md. at 263-64

Since it appears to us that there was ample justification for the legislative determination that tranquillity and repose would be more likely assured if small business establishments operated on Sundays, while large ones did not, we find nothing arbitrary or discriminatory in the classification, nor do we think the classification rests, in the language of *McGowan,* "on grounds wholly irrelevant to the achievment of the State's objective." In fact, it is but a part of a thread which runs through the Sabbath Breaking provisions of Art. 27. In Montgomery County, retail establishments employing not more than six persons are excepted by § 534J; in Allegany and Baltimore Counties, establishments employing not more than three persons are excepted by §§ 521 (f) and 534L, respectively, and in Harford and Wicomico Counties, establishments employing not more than two persons are excepted by § 534M.

On the other hand, *West v. Town of Winnsboro,* 252 La. 605, 211 So. 2d 665 (1967) relied on by the appellants, is clearly distinguishable on its facts. There, the Louisiana court struck down a town ordinance which permitted Sunday sales in grocery stores occupying no more than 1,600 square feet of enclosed space, provided they were owner-operated and had no more than one employee, because the effect of the ordinance, as drawn, permitted the operation of only three well established stores and excluded all others. An attempt had been made to justify the adoption of the ordinance on the theory that it minimized traffic congestion, but as the court observed, the effect was the reverse: traffic became concentrated

at the three stores which were permitted to remain open. In short, this was an exemption of particular stores rather than a reasonable classification.

In the case before us, the legislative purpose is clear, and the classification is reasonably structured to achieve that purpose. The shopping habits of the residents of the Bowie area are hardly relevant to the issue, for even if we assume that they are what the appellants allege them to be, it scarcely can be contended that they are frustrated by the legislative purpose to restrict business activity on Sundays to small stores.

*Order affirmed; costs to be paid by appellants.*