GIANT OF MARYLAND, INC. *v.* STATE'S ATTORNEY FOR PRINCE GEORGE'S COUNTY

[No. 116, September Term, 1972.]

\* \* \*

STATE'S ATTORNEY FOR PRINCE GEORGE'S COUNTY *v.* THE GRAND UNION COMPANY AND SAFEWAY STORES, INCORPORATED

[No. 149, September Term, 1972.]

*Decided January 2, 1973.*

502

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.,

in No. 116 and before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE,* JJ., in No. 149.

*Joseph D. Tydings,* with whom were *Aaron Handleman, Robert D. Roadman* and *Danzansky, Dickey, Tydings, Quint & Gordon* on the brief, for appellant in No. 116.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney,* and *Alan E. D'Appolito* and *John B. Wynes, Assistant State's Attorneys for Prince George's County,* on the brief, for appellee in No. 116 and appellant in No. 149.

*Hal C. B. Clagett,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellee The Grand Union Company, and *W. Frank Stickle, Jr.,* with whom were *Hanson, O'Brien, Birney, Stickle & Butler* on the brief, for appellee Safeway Stores, Incorporated, in No. 149.

*Amicus Curiae* briefs filed in No. 116 by Montgomery County, Maryland, *Richard S. McKernon, County Attorney, Alfred H. Carter, Deputy County Attorney,* and *William J. Chen, Jr., Assistant County Attorney,* on the brief; by S. S. Kresge Company, *J. Gibson Semmes, Harry A. Inman, David B. Robinson, Patton, Boggs, Blow, Verrill, Brand & May* and *James C. Tuttle* on the brief; and by Safeway Stores, Incorporated, *W. Frank Stickle, Jr.,* and *Hanson, O'Brien, Birney, Stickle & Butler* on the brief.

MURPHY, C. J., delivered the opinion of the Court.

These appeals bring into question the construction

---

*Reporter's Note:* Judge Levine participated in the hearing of No. 149, but did not participate in No. 116, therefore, he did not take part in the adoption of the opinion.

and constitutionality of § 534H of Article 27 of the Maryland Code (1957, 1971 Repl. Vol.). This statute, one of many included among the mass of so-called "Sunday Blue Laws" enacted by the General Assembly of Maryland, is applicable only in Prince George's County. Insofar as here pertinent, the section provides:

> "(a) In Prince George's County, except as specifically in this section otherwise provided, it is unlawful on Sunday for any wholesale or retail establishment to conduct business for labor or profit in the usual manner and location or to operate its establishment in any manner for the general public. It shall not cause, direct, permit, or authorize any employee or agent to engage in or conduct business on its behalf on Sunday.
>
> "(b) Notwithstanding any provision of this section, the operation of any of the following types of retail establishments is allowed on Sunday.
>
> 1. Drugstores whose principal business is the sale of drugs and related items.
>
> 2. Delicatessens whose principal business is the sale of delicatessens and related food items.
>
> 3. Bakeries and bakeshops.
>
> \* \* \*
>
> "(c) Nothing in this section applies to:
>
> \* \* \*
>
> 3. Small business with not more than six (6) persons on any one shift with the exception of persons or retailers engaged in the sale of motor vehicles.
>
> \* \* \*
>
> "(i) The State's Attorney of Prince George's County may petition the Circuit Court to enjoin any violation of this section."

On June 6, 1972 the State's Attorney for Prince George's County, alleging violations of § 534H, filed pe-

titions to enjoin Giant of Maryland, Inc. (Giant), Safeway Stores, Incorporated (Safeway), and The Grand Union Company (Grand Union) from operating their respective chains of supermarket stores in Prince George's County on Sunday. Answering the petitions, the respondents each claimed that the statute was inapplicable to the business it conducted on Sunday because it was a "[s]mall business with not more than six (6) persons on any one shift . . ." within the contemplation of § 534H (c) 3. In addition, Giant maintained that certain of its stores were exempt as "drugstores," "delicatessens" or "bakeries and bakeshops" within the meaning of § 534H (b). Each of the respondents also contended that the statute was void for vagueness in violation of the Fourteenth Amendment to the United States Constitution; [1] and, further, that as a penal statute (§ 534H (j) makes "[a]ny person, firm or corporation violating the provisions of this section . . . guilty of a misdemeanor . . ."), § 534H must be strictly construed in favor of the accused and against the State. Safeway and Giant raised the additional defense of unequal enforcement of the law in violation of the Fourteenth Amendment.

At the trial before Judge James H. Taylor, evidence was adduced showing that on Sundays, June 4 and 11, 1972, there were eleven Giant stores, twenty-nine Safeway stores, and six Grand Union stores open and operating in Prince George's County; that each of the individual Safeway and Grand Union stores was operated with not more than six employees working at any one time on Sunday; that Giant operated with more than six employees per store at any one time during the Sunday business hours, but because it utilized "overlapping

---

1. Giant maintained that the statute was invalid on its face because the vagueness of the terms "small business" and "shift" deprived it of due process of law; Grand Union and Safeway contended that the statute was clear on its face (*i. e.*, small business was defined as having not more than six employees on any one shift) but asserted that any other interpretation of the term "small business" would render the statute "void for vagueness by judicial expansion and construction."

shift structures," not more than six employees began and ended their work period at the same time; that each of the eleven Giant stores in Prince George's County contains a delicatessen section for the sale of delicatessen and related food items; that four of Giant's stores contain bakery sections (where the baking is done on the premises) and all stores contain bake sections where "Heidi" (a wholly owned Giant subsidiary) bakery products are sold; and that two of Giant's stores have pharmacy licenses and operate drug sections.

Evidence was adduced showing that on Sunday, June 4, 1972 the Prince George's County police conducted an investigation at a Giant store located in Bowie; that it found seven employees assigned to the pharmaceutical department, five to the delicatessen department, three to the bakery department, and six additional employees assigned to other areas of the store. On the same day, the police surveyed a Giant store located in Clinton, finding that five employees were there assigned to the bakery department, five to the delicatessen section, and ten others to different areas of the store.

One of Giant's officers testified that in conducting its business on Sundays, it "cautioned the [store] managers that they could use no more than six persons on any shift" (meaning the group of employees beginning and ending their work at the same time).

It was shown by the evidence that Safeway's 1971 sales volume nationally exceeded $5,300,000,000, making it the largest food retailer and second largest retailer in the United States. Grand Union's 1971 sales nationally were $1,300,000,000; it is the twenty-first largest retailer and the tenth largest food retailer in the United States. Giant's gross sales in 1971 amounted to $560,-000,000.

It was stipulated that respondents' competitors in the County—7-Eleven Stores, Consumer Supermarkets, Jumbo Food Stores, High's Dairy Stores, Dart Drug Stores, Drug Fair, and People's Drug Stores—each regularly operates numerous retail outlets in the County on

Sundays. It was also stipulated that a dispute exists in Montgomery County, Maryland, between the State's Attorney and the County Executive concerning the interpretation of Code, Article 27, § 534J, which is, with the exception of one insignificant word, identical with Article 27, § 534H; that this dispute has resulted in the State's Attorney for Montgomery County filing a suit to enjoin the County Executive from causing the arrest of managers or owners of "food chains" conducting business on Sundays without regard to the number of persons employed.

At the conclusion of the evidence, Judge Taylor entered an order permanently enjoining Giant from conducting business on Sundays with more than six employees at any given time in any one store in Prince George's County. At the same time the court dismissed the petitions against Safeway and Grand Union, finding that their respective Sunday operations, conducted with not more than six employees in each store at any given time, did not violate Article 27, § 534H. In an oral opinion rendered in support of his decrees, Judge Taylor refused to find "that the departmentalization of the drug section, the delicatessen or bakery section is such as would remove any Giant store's operations from the prohibition of the statute," in that the bakeries and delicatessens "are part and parcel of . . . [Giant's] total operations and not a separate entity or a concession"; and that Giant's testimony that 75% of its sales come from the sale of food products not related to drug store activities precludes it from being a drug store whose principal business is the sale of drugs. The court rejected Giant's argument that Article 27, § 534H (c) 3 is unconstitutionally vague in that the words "small business" and "shift" are subject to varying interpretations; the court held that "small business" is defined by the qualifying phrase, "with not more than six (6) persons on any one shift" without regard to any other indicia of size, such as gross sales or square footage; and that "shift," in its ordinary and common meaning, refers to "any given work

period." Thus construed, the court held that "on Sunday the operation must be carried on with not more than six persons at any given work period if the activity is to be within the exception. . . ." Lastly, Judge Taylor held that the fact that others were doing business on Sunday "does not inure to the benefit of Giant." He noted that the State's Attorney is vested with discretion in the matter of prosecuting violations of § 534H; he also stated that the classifications drawn by the Legislature in enacting § 534H were within its power to provide for a day of rest and relaxation.

Giant appealed from Judge Taylor's order that it "cease and desist . . . operating with more than six (6) employees at a given time in any one (1) store with respect to the Sunday Sales operations of Giant of Maryland, Inc., in Prince George's County. . . ." The State's Attorney for Prince George's County appealed from Judge Taylor's orders dismissing his petitions to enjoin Grand Union and Safeway from operating on Sunday in violation of the statute. The appeals were separately argued before us, but we shall dispose of both in one opinion because of the similarity of issues.

The central issue in each appeal is whether Judge Taylor correctly interpreted the meaning of the words "[s]mall business with not more than six (6) persons on any one shift . . ." contained in § 534H (c) 3. That question can only be resolved by a careful study of the language used in the statute, considered in its entirety, and in the context of the purpose underlying enactment of Maryland's Sunday Blue Laws. That purpose was clearly identified by the Supreme Court of the United States in *McGowan v. Maryland,* 366 U. S. 420, 81 S. Ct. 1101, 6 L.Ed.2d 393 (1961) ; that Court, in affirming our decision in *McGowan v. State,* 220 Md. 117, 151 A. 2d 156 (1959), said:

> ". . . the State's purpose is not merely to provide a one-day-in-seven work stoppage. In addition to this, the State seeks to set one day apart from all others as a day of rest, repose,

recreation and tranquility—a day which all members of the family and community have the opportunity to spend and enjoy together, a day on which there exists relative quiet and disassociation from the everyday intensity of commercial activities, a day on which people may visit friends and relatives who are not available during working days." 366 U. S. at 450, 81 S. Ct. at 1118, 6 L.Ed.2d at 413.

In *Richards Furniture v. Board,* 233 Md. 249, 196 A. 2d 621 (1964), we recognized that it was the dual purpose of Sunday Blue Laws to provide a day of rest for working persons and an atmosphere of tranquility in which to enjoy it. We there noted that the Supreme Court said in *McGowan* that such laws "were clearly fashioned for 'the purpose of providing a Sunday atmosphere of recreation, cheerfulness, repose and enjoyment. . . .' " Of the statute involved in *Richards Furniture,* which permitted in Anne Arundel County "the operation of any retail establishment on Sunday, the operation of which does not entail the employment of more than one person, not including the owner or proprietor," we said:

"... The operation of large commercial markets or department stores on Sunday would materially interfere with the recreational atmosphere of the day, while small retail operations will not." 233 Md. at 263, 196 A. 2d at 629.[2]

In *Rebe v. State's Attorney,* 262 Md. 350, 277 A. 2d 616 (1971), it was contended on behalf of a Prince George's County discount department store employing

---

2. In *Richards Furniture,* thirty-four merchants separately rented stalls in a large market and undertook to operate on Sunday under the exception in the statute permitting retail establishments to operate on Sunday with not more than one person, not including the owner or proprietor. A provision in the statute specified that every market or department store in which "stalls or departments" were rented to individual merchants "shall be considered as one establishment." We held that the market was "one establishment" and therefore precluded the individual merchants renting space therein from separately operating on Sunday.

twenty-two persons that the statute presently before us—§ 534H, and particularly the "small business" exception contained in subsection (c) 3 thereof—was irrational and arbitrary and hence void under the Fourteenth Amendment to the federal constitution. In rejecting the contention, we held that there was "ample justification for the legislative determination that tranquility and repose would be more likely assured if small business establishments operated on Sundays, while large ones did not." We concluded that it was the legislative purpose in enacting § 534H (c) 3 "to restrict business activity on Sundays to small stores." 262 Md. at 358-59, 277 A. 2d 619-20.

By its plain terms § 534H prohibits, in subsection (a), "any wholesale or retail establishment" from conducting "business for labor or profit in the usual manner and location" on Sunday in Prince George's County. Subsection (b) enumerates several "types of retail establishments" which are exempt from the prohibitions of the statute and subsection (c) 3 provides that nothing in the section applies to "[s]mall business with not more than six (6) persons on any one shift. . . ." We must, of course, construe the statute according to the ordinary and natural import of its language; it is the language used in the statute which constitutes the primary source for determining the legislative intent. *Atlantic, Gulf v. Dep't of Assess. & T.*, 252 Md. 173, 249 A. 2d 180 (1969) ; *Maryland Medical Service v. Carver*, 238 Md. 466, 209 A. 2d 582 (1965) ; *Height v. State*, 225 Md. 251, 170 A. 2d 212 (1961). Consequently, we cannot disregard the natural import of statutory language unless some imperative reason is found in the statute for enlarging or restricting its meaning. *Hunt v. Montgomery County*, 248 Md. 403, 237 A. 2d 35 (1968) ; *Celanese Corporation v. Davis*, 186 Md. 463, 47 A. 2d 379 (1946). We thus confine ourselves to the construction of the language of § 534H as written and we will not supply omissions or insert exemptions not made by the Legislature. *Birmingham v. Board of Public Works*, 249 Md. 443, 239 A. 2d 923 (1968) ; *Amalga-*

*mated Ins. v. Helms,* 239 Md. 529, 212 A. 2d 311 (1965). In other words, where statutory language is plain and free from ambiguity, and expresses a definite and sensible meaning, courts are not at liberty to insert or delete words with a view toward making the statute express an intention which is different from its plain meaning. *Gatewood v. State,* 244 Md. 609, 224 A. 2d 677 (1966) ; *Fowel v. State,* 206 Md. 101, 110 A. 2d 524 (1955) ; *Pressman v. State Tax Commission,* 204 Md. 78, 102 A. 2d 821 (1954).

Considering § 534H in light of these principles, we think Judge Taylor was in error in concluding that the "small business" exception in subsection (c) 3 exempted from regulation any business which, on Sunday, operated with not more than six employees on any one shift at any one location. The statute does not define "small business" in terms of business done on Sunday, or on the basis of the number of employees working that day. On the contrary, the "small business" exception is defined and limited by the qualifying phrase "with not more than six (6) persons on any one shift." Nothing in § 534H even remotely suggests that "any one shift" means "any one shift on Sunday." We think it implicit, from the absence of such language, that, as used in subsection (c) 3 "[s]mall business with not more than six (6) persons on any one shift . . ." refers to those businesses which regularly conduct operations with not more than six persons employed "on any one shift." The words "shift" and "on any one shift" must, of course, be afforded their ordinary meaning. In the context of its use in subsection (c) 3 "shift" is commonly understood to refer to the group or complement of workers necessary to operate a business. See, *e.g.,* Webster's Third New International Dictionary at 2095, defining the word "shift" as "a change of one group of people (as workers or students) for another in regular alternation; a scheduled period of work or duty." By limiting the exception for "small business" to one which employs not more than six persons "on any one shift," the critical word "any" must be interpreted as meaning "one, no matter which."

Thus a business is a "small business" within the contemplation of subsection (c) 3 if, during the regular conduct of its operations, it employs not more than six persons on any one shift. In other words, only those businesses which regularly operate with not more than six employees on *any* shift may lawfully do business on Sunday in Prince George's County.

Had the Maryland Legislature, in enacting § 534H, intended to permit any business to operate on Sunday, so long as it did so with not more than six employees working at any one time, it would likely have used language similar to that employed in Article 27, § 521 (f) 1; that section, enacted prior to § 534H, exempts certain retail establishments from the Sunday Blue Laws which "for the entire time during which any such retail establishment is open on any Sunday, not more than four persons, including any owner, manager, assistant manager or delivery personnel, are employed by the retail establishment or working therein. . . ." [3] Or, had the Legislature intended the result reached by Judge Taylor, it undoubtedly would have inserted language in § 534H similar to that contained in the statute involved in *Southway Discount Center, Inc. v. Moore,* 315 F. Supp. 617 (N.D. Ala. 1970), which granted an exemption for a grocery store having on duty not "more than four employees at any one time on Sunday."

In *Bertera's Hopewell Foodland, Inc. v. Masters,* 428 Pa. 20, 236 A. 2d 197 (1967), appeal dismissed 390 U. S. 597, 88 S. Ct. 1261, 20 L.Ed.2d 158 (1968), an exception to Pennsylvania's Sunday Blue Law was made for "any retail establishment employing less than ten persons." It was there held that the exception applied only to estab-

---

3. Other exceptions from the Sunday Blue Laws are contained in Article 27: § 521(b) exempts "retail establishment . . . the operation of which does not entail the employment of more than one person, not including the owner or proprietor" in Anne Arundel, Kent, Queen Anne's and Talbot Counties; § 534J (c) 3, in language identical to § 534H (c) 3, exempts small business in Montgomery County; § 534L (c) 3 exempts "[s]mall business with not more than three (3) persons on any one shift" in Baltimore County; and § 534M (c) 3 exempts "[s]mall business convenience stores with not more than two (2) persons on any one shift" in Harford and Wicomico Counties.

lishments "that employ less than 10 persons at *any* time" and not to establishments which employ fewer than that number of persons on Sunday.

In construing statutes, results that are unreasonable or inconsistent with common sense should be avoided whenever possible. *Height v. State, supra.* Considering the nature of the activity to be regulated, and the purpose underlying enactment of § 534H, we do not think the Legislature ever intended that a retail or wholesale establishment which in the usual and regular conduct of its business employs more than six persons during the days of the week other than Sunday would qualify for the "small business" exception by reducing its number of employees on Sunday to six or fewer. The "small business" exception must, we think, be strictly construed and restricted within the limits which the statutory language naturally imports. See *Johns v. Hodges,* 62 Md. 525 (1884) ; *Securities & Exch. Com. v. American Internat'l S. & L. Ass'n,* 199 F. Supp. 341 (D. Md. 1961). In concluding that the billion dollar business enterprises conducted by Safeway and Grand Union, and the multi-million dollar operation of Giant, do not come within the "small business" exception of the Statute, we recognize that § 534H is not a model of exactitude in legislative drafting; more specific language could have been employed to express the legislative intention, as we have found it to be. See, *e.g.,* the statutory exemption involved in *Opinion of the Justices,* 159 Me. 410, 191 A. 2d 637 (1963) (". . . *stores wherein no more than 5 persons, including the proprietor, are employed in the usual and regular conduct of business . . ."*) ; and the exemption in *City of Bismarck v. Materi,* 177 N.W.2d 530 (N.D. 1970) ("Grocery stores operated by the owner-manager who *regularly employs* not more than three employees for the operation of said store.") (Emphasis supplied.) But the imperfect drafting of § 534H does not compel a holding that the statute is vague and indefinite in a constitutional sense, as urged by Giant. On the contrary, bearing in mind that § 534H is a penal statute, we think that, as written, it is sufficiently explicit to enable a person of

ordinary intelligence to ascertain with a fair degree of precision what it prohibits and what conduct on his part will render him liable to its penalties; it does not, therefore, affront the constitutional guarantees of due process. *McGowan v. Maryland, supra; Richards Furniture v. Board, supra; McGowan v. State, supra.*[4]

Amicus Montgomery County maintains that § 534H (c) 3 must be construed to allow small merchants to operate their business on Sunday only if the cumulative number of persons employed by any one business at all its locations in the County is not greater than six. We find nothing in the statute evidencing an intention to so limit the application of the "small business" exception. That which necessarily is implied in a statute has been held as much a part of it as that which is expressed. *Chillum-Adelphi Vol. Fire Dept. v. Board of Co. Com'rs,* 247 Md. 373, 231 A. 2d 60 (1967) ; *Shapiro v. City of Baltimore,* 230 Md. 199, 186 A. 2d 605 (1962). Considering the purpose of § 534H, the reasons underlying the "small business" exception, and the subsection's general usage of the word "business," as herein delineated, we conclude that those businesses coming within the definition of "[s]mall business with not more than six (6) persons on any one shift . . ." may operate with not more than six employees at each location.

Since the record discloses that in the usual conduct of its business Giant regularly employs more than six persons on any one shift, it is not exempt from regulation under § 534H.[5] While the record does not show, one way

---

4. In so concluding, we are mindful of the differing interpretations placed upon the statute by the parties and by the several amici curiae. We are not, however, thereby persuaded that the statute is "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application . . ." (thus violating the first essential of due process of law). See Lashley v. State, 10 Md. App. 136, 142, 268 A. 2d 502, 506 (1970), citing Connally v. General Construction Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322 (1926) ; Hunt v. Montgomery County, supra, 248 Md. at 414, 237 A. 2d at 41.

5. We have, of course, rejected Giant's proferred definition of the word "shift" as meaning "a particular tour of duty for any given employee"; indeed, such a definition would render mean-

or the other, how many employees Safeway and Grand Union regularly utilize per shift in conducting their businesses, we think it a safe assumption that, like Giant, these enterprises each employ more than six persons on any one shift and, hence, do not qualify for the "small business" exemption under the statute.

Giant claims that to interpret § 534H as we have interpreted it creates an arbitrary, unreasonable, and invidiously discriminatory economic classification violative of the equal protection clause of the Fourteenth Amendment. It maintains that the classification is one impermissibly drawn between various businesses each selling the same merchandise to the public; that the classification does not rest upon any real differences between the classes; and that it has no relation to the legislative purpose of attempting to limit employment to insure rest and repose on Sunday in Prince George's County. The argument is not new; it was presented and held without merit in *Rebe v. State's Attorney, supra,* the allegation there being, as here, that other stores in Prince George's County employing not more than six persons were permitted to operate on Sunday under § 534H (c) 3 and sell the same lines of merchandise as was prohibited to businesses regularly employing more than six employees in their operations and forbidden to conduct business on Sunday. *Rebe* is clearly dispositive of the constitutional question. We there relied on the constitutional principles enunciated in *McGowan v. Maryland, supra,* and *Richards Furniture v. Board, supra,* in concluding that the classification prescribed by § 534H (c) 3 was reasonable and proper, not of an invidious nature, and well calculated to achieve the legislative purpose of providing a day of rest for working persons and an atmosphere of tran-

---

ingless the intent of the statute and allow the exception to swallow the rule by permitting business establishments to operate with a virtually unlimited number of employees by staggered, overlapping shifts. To illustrate Giant's theory, if "shift" A (6 employees) works from 8-4, "shift" B (6 employees) works from 9-5, and "shift" C (6 employees) works from 10-6, and "shift" D (2 employees) works from 10-4, then 20 employees would be present during the 10-4 period, and yet not more than 6 employees would be on any one "shift."

quility in which to enjoy it. Giant has fallen into the error of other challengers of Sunday Blue Laws in undertaking to make competition as between classes the test rather than discrimination within a class. See *State v. Towery,* 239 N. C. 274, 79 S.E.2d 513 (1954), appeal dismissed 347 U. S. 925, 74 S. Ct. 532, 98 L. Ed. 1079 (1954); *Kirk v. Olgiati,* 203 Tenn. 1, 308 S.W.2d 471 (1957).

Giant claims a denial of equal protection premised on its assertion that other retail establishments in the County with which it competes are operating on Sunday in apparent violation of § 534H, but have not been challenged or prosecuted. The legality of Giant's competitors' Sunday operations is not before us and, accordingly, we express no opinion on that question. We recognize, however, the wide discretion vested in the State's Attorney in the timing of actions, and initiation of prosecutions, to enforce the law. *Brack v. Wells,* 184 Md. 86, 40 A. 2d 319 (1944); *State v. Hunter,* 10 Md. App. 300, 270 A. 2d 343 (1970). Whether Giant is operating in violation of § 534H cannot be made to depend on the question of whether other parties have or have not been prosecuted for similar acts. *Drews v. State,* 236 Md. 349, 204 A. 2d 64 (1964); *Callan v. State,* 156 Md. 459, 144 A. 350 (1929). The exercise of some selectivity in the enforcement of a criminal statute, absent a showing of unjustifiable discrimination, does not violate the Fourteenth Amendment. *Oyler v. Boles,* 368 U. S. 448, 82 S. Ct. 501, 7 L.Ed.2d 446 (1962). See also *Moss v. Hornig,* 314 F. 2d 89 (2d Cir. 1963).

Lastly, we concur with the lower court's decision that none of Giant's stores in the County falls within the exemption provisions of § 534H (b) 1 (drugstores), 2 (delicatessens), or 3 (bakeries and bakeshops). Giant operates its stores as entities. On the two Sundays in question, the eleven Giant stores alleged to be in violation of § 534H did not limit their business to these three sections, but were doing business in all sections of the store. There is no evidence in the record that any of the Giant stores, viewed in light of their total operation, are "drug-

stores whose *principal business* is the sale of drugs and related items"; or "[d]elicatessens whose *principal business* is the sale of delicatessens and related food items"; or "[b]akeries and bakeshops" within the common understanding of these terms. The evidence is to the contrary. More than 75% of Giant's sales are derived from general sales of food products. There is no significant distinction within the corporate structure of the operations of Giant as to the exempted-type of business and the non-exempted. We think Giant's drug, delicatessen, and bakery sales are part and parcel of its total operations. All of its employees are under one personnel system. It would do manifest violence to the language and intent of § 534H (b) to conclude that any of Giant's business operations fall within any of its provisions.

> *As to appeal No. 116:*
> *Cease and desist order dated June 20, 1972 vacated; case remanded for entry of a decree enjoining Giant of Maryland, Inc. from violating Article 27, § 534H in accordance with the views expressed in this opinion.*
> *Costs to be paid by appellant.*
> *As to appeal No. 149:*
> *Orders dated June 20, 1972 dismissing petitions for injunctive r e l i e f vacated; case remanded for the entry of decrees enjoining The Grand Union Company and Safeway Stores, Incorporated from violating Article 27, § 534H in accordance with the views expressed in this opinion.*
> *Costs to be paid ½ by each appellee.*