**Diane M. POYER**

v.

**SEARS ROEBUCK CO., INC.**

**Civ. No. S 90–11.**

United States District Court,
D. Maryland.

July 24, 1990.

Gregory A. Rapisarda and Thomas J. McLaughlin, Bel Air, Md., for plaintiff.

Monte Fried and Ann L. Lamdin, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for defendant.

Robert A. Zarnoch and Kathryn M. Rowe, Asst. Attys. Gen., Annapolis, Md., for State of Md., Intervenor.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This removed diversity case, involving the discharge of a retail employee who refused to work in a Sears store on Sundays and setting forth causes of action for wrongful discharge and intentional infliction of emotional distress, is before the Court on the defendant's motion for summary judgment. That motion raises, *inter alia* the issue of the constitutionality *vel non* of Md.Ann.Code art. 27, § 493 (1987 Repl.Vol.), which provides for the mandatory allowance, by wholesalers and retailers, of a day of rest to any employee on Sunday or "his Sabbath." The defendant claims that the statute is unconstitutional under the First and Fourteenth Amendments, and both the plaintiff and the Attorney General of Maryland (who was allowed to intervene for the limited purpose of defending the constitutionality of the statute) contend that the statute is constitutional. Other significant employment law issues are raised, and all will be discussed *post.* The matters have been fully briefed, and no oral argument is needed.

The Court is of the opinion, although the question is a close one, that the statute is constitutional. Unlike the Connecticut statute held unconstitutional in *Thornton v. Caldor, Inc.,* 472 U.S. 703, 105 S.Ct. 2914, 86 L.Ed.2d 557 (1985), the Maryland statute specifically refers to an employee's "day of rest," and, more significantly, unlike the Connecticut law, the Maryland statute does not prescribe any religious test (of sincerity of belief or otherwise) against which the employee's selection of his or her day of rest is to be measured. Taken against the background of previous Maryland cases that have not given the Maryland sabbath laws an exclusively religious interpretation, see *Giant of Maryland v. State's Attorney,* 267 Md. 501, 509–10, 298 A.2d 427, *appeal dismissed,* 412 U.S. 915, 93 S.Ct. 2733, 37 L.Ed.2d 141 (1973), and the Maryland Attorney General's official interpretation of the statutory language, *see* 70 Op. Att'y. Gen. 75, 77–78 (Md.1985), it is the opinion of this Court that the sabbath reference in the statute is not to be confined to its religious meaning, *viz.,* that of a religiously-required or-inspired day of rest, but is to be given its figurative meaning, simply a day of rest. The *Oxford English Dictionary* (OED) (1971) gives both a religious

definition and a figurative, secular definition for the word *sabbath*. The latter definition is "a time or period of rest; a cessation from labour, trouble, pain, and the like." The OED gives literary illustrations for this usage going back to the Fourteenth Century. In this secular sense, which is the one in which it is used in the Maryland statute, the sabbath provision does not run afoul of the First Amendment.

In light of the factors recited above, the Court is of the opinion that the statute in question does not violate the Establishment Clause of the First Amendment to the Constitution of the United States.

■ Next, the Court has decided that the statute does not violate the Equal Protection Clause of the Fourteenth Amendment. The limitation of the statute's coverage to retail and wholesale establishments is a rational distinction drawn between such operations, which directly or indirectly serve the consumer, and such enterprises as manufacturing, construction, agriculture, and the professions, which either do not directly serve the consumer or do not require for their conduct a fixed place of carrying on business, with set hours. The Court cannot say that the Maryland Legislature acted irrationally in confining the operation of § 493 to retail and wholesale establishments. *See, e.g., Delight, Inc. v. Baltimore County*, 624 F.2d 12, 14 (4th Cir. 1980).

■ Turning to the remaining issues, the Court assumes, for purposes of this motion, that the statute in question states a valid public policy of Maryland, and that, if plaintiff was in fact discharged in violation of that policy, she would have an action against her former employer under the rule in *Adler v. American Standard Corp.*, 291 Md. 31, 432 A.2d 464 (1981), which is not barred by an exclusive alternative civil remedy. *See Makovi v. Sherwin–Williams Co.*, 316 Md. 603, 561 A.2d 179 (1989). The difficulty in applying the *Adler* rule to this case, though, is that under the undisputed facts, there is no triable issue as to plaintiff's *discharge*. Obviously, no *Adler* action lies unless the employee has been discharged. The undis-

puted facts here show that the store manager, in response to a need for office clerks (and plaintiff was one of four office clerks in the store) to work Saturdays and Sundays, scheduled them *all* for duty on a weekend rota. This action was not solely directed at plaintiff, but applied to all persons in her job category, and all four of them were dissatisfied with the new policy. To mollify the clerks, Sears offered them reassignment to jobs that would not require Sunday work. (Although plaintiff has stated she does not believe that this new assignment would not have required Sunday work, she has no *evidence* to support that naked belief. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Cf. Goldberg v. B. Green and Co., Inc.*, 836 F.2d 845, 848 (4th Cir.1988).) Instead of being reassigned (at a pay loss of 37 cents per hour), plaintiff quit.

Under these facts, and taking the case as if on directed verdict, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Court concludes that no case of constructive discharge has been made out under Maryland law, as explicated in *Beye v. Bureau of National Affairs*, 59 Md.App. 642, 650–54, 477 A.2d 1197 *cert. denied*, 301 Md. 639, 484 A.2d 274 (1984). The Court of Special Appeals therein held, 59 Md.App. at 653, 477 A.2d 1197, that the fundamental question in cases of this sort "is whether the employer has deliberately caused ... the employee's working conditions to become so intolerable that a reasonable person in the employee's place would have felt compelled to resign." In this case, the Court need proceed no farther than to point out that there is *no* evidence that the employer's conduct in requiring Sunday work was directed especially at the plaintiff (in an effort to get her to resign), as opposed to all employees similarly situated. This requirement of individual targeting was recognized in Judge Wilkinson's dissent in *Paroline v. Unisys Corp.*, 879 F.2d 100, 114 (4th Cir.1989), which the Fourth Circuit has recently adopted *en banc* as the opinion of the court on the issue of constructive discharge. *Pa-*

*roline v. Unisys Corp.*, 900 F.2d 27, 28 (4th Cir.1990) (*en banc*). Because this Court believes that the Court of Appeals of Maryland would adopt the Fourth Circuit's targeted action requirement for constructive discharge, *see Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir.1981), this Court holds that plaintiff can make out no case of constructive discharge, a *sine qua non* of her *Adler* claim.

■ Finally, the facts, no matter how liberally taken in plaintiff's favor, fail to make out the kind of *extreme* or *outrageous* conduct needed to sustain a Maryland claim of intentional infliction of emotional distress. *See Harris v. Jones,* 281 Md. 560, 380 A.2d 611 (1977). In this case, the Court concludes as a matter of law, *see Harris,* 281 Md. at 569, 380 A.2d 611, that Sears simply made a legitimate business decision, which, although obviously personally distasteful and even hurtful to the plaintiff, because of her sincere desire to "[r]emember the sabbath day, to keep it holy," *Exodus* 20:8 (King James), was not conduct so atrocious and extreme as to be intolerable among civilized persons. *Harris,* 281 Md. at 567, 380 A.2d 611. *See also, Restatement (Second) of Torts,* § 46 (1965).

For the reasons stated, an order will be entered separately, granting summary judgment in favor of the defendant.